QUINN EMANUEL URQUHART & SULLIVAN, LLP
John M. Potter (Bar No. 165843)
johnpotter@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Robert P. Feldman (Bar No. 69602)
bobfeldman@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Attorneys for Specially-Appearing Defendants
Pangang Group Company, Ltd., Pangang Group
Steel Vanadium & Titanium Company, Ltd.,
Pangang Group Titanium Industry Company,
Ltd., and Pangang Group International Economic
& Trading Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PANGANG GROUP COMPANY, LTD., PANGANG GROUP STEEL VANADIUM & TITANIUM COMPANY, LTD., PANGANG GROUP TITANIUM INDUSTRY COMPANY, LTD., and PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY,<br><br>Defendants. | CASE NO. CR 11-0573 JSW<br><br>**DECLARATION OF ROBERT P. FELDMAN IN SUPPORT OF SPECIALLY-APPEARING DEFENDANTS' OPPOSITION TO GOVERNMENT'S *EX PARTE* MOTION FOR ORDER AUTHORIZING PRODUCTION OF RULE 17(c) MATERIALS IN ADVANCE OF HEARING** |

DECLARATION OF ROBERT P. FELDMAN

DECLARATION OF ROBERT P. FELDMAN

I, Robert P. Feldman, declare as follows:

1. I am a member of the bar of the State of California and a member of Quinn Emanuel Urquhart & Sullivan LLP, attorneys for Specially-Appearing Defendants Pangang Group Company, Ltd., Pangang Group Steel Vanadium & Titanium Company, Ltd., Pangang Group Titanium Industry Company, Ltd., and Pangang Group International Economic & Trading Company (collectively, the "Specially-Appearing Defendants").

2. Based on my work in this matter and independent of any conversations I have had with my clients, I believe the following factual assertions to be true and offer them to the Court for its consideration of the Government's *Ex Parte* Motion for Order Authorizing Production of Rule 17(c) Materials in Advance of Hearing (Docket No. 110) ("*Ex Parte* Motion"), of which the Specially-Appearing Defendants were given no notice prior to its filing.

3. The Government learned during the grand jury investigation that Pan America Inc. ("Pan America"), an uncharged third party, transferred money to U.S. counsel for Zhuang Kai, Yang Fudong, and Miu Hongli (the material witnesses referred to in the *Ex Parte* Motion at 2:25-3:2) to pay for their legal fees in connection with that investigation.

4. Pan America transferred the money to pay for the fees of U.S. counsel for these three witnesses because their counsel did not want payment of their fees to be subject to the complications and delays involved in payment by the Specially-Appearing Defendants, which are all Chinese corporations and thus subject to strict foreign exchange controls by the People's Republic of China that can often delay international fund transfers or payments.

5. During the grand jury investigation, the Government obtained one or more written agreements pursuant to which Specially-Appearing Defendant Pangang Group International Economic & Trading Company ("PIETC") agreed to advance funds to Pan America with which Pan America could then promptly pay the fees of U.S. legal counsel for their representation of the witnesses at issue.   The agreement further provided for the final net amount of funds transferred from PIETC to Pan America to equal only the amount actually disbursed to the U.S. counsel for representation of these witnesses.

DECLARATION OF ROBERT P. FELDMAN

6. The Government executed a search warrant at Pan America at its offices in New Jersey prior to the return of the Superseding Indictment in this case.

7. As set forth in the Specially-Appearing Defendants' Motion to Quash Service of Indictment (*see* Docket No. 107-1 at 3), Pan America has not been indicted in this case and is not even mentioned in the indictment.

8. Prior to the return of the Superseding Indictment, the Government was expressly informed that Pan America was not authorized to accept service on behalf of the Specially-Appearing Defendants. (*See* Declaration of George D. Niespolo, Docket No. 107-3 at Ex. 1.)

I declare under penalty of perjury under the laws of the United States of America that I believe the foregoing is true and correct.

Executed April 6, 2012, at Redwood Shores, California.

                                          */s/ Robert P. Feldman*
                                          Robert P. Feldman