Pages 1 - 42

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jeffrey S. White, Judge

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )  NO. CR 11-0573-05 JSW |
| | ) |
| Tze Chao, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

San Francisco, California
Thursday, March 1, 2012

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

For Plaintiff:

        MELINDA HAAG
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
  BY:  **JOHN H. HEMANN**
        **PETER AXELROD**
        **ASSISTANT UNITED STATES ATTORNEYS**

For Defendant:

        LYONS LAW FIRM
        1526 Gilpin Avenue
        Wilmington, Deleware 19806
  BY:  **DANIEL LYONS**
        **ATTORNEY AT LAW**

Reported By:        Kelly L. Shainline, CSR No. 13476, RPR
                   Court Reporter Pro Tem

Computerized Transcription By Eclipse

1    <u>Thursday - March 1, 2012</u>                              <u>3:58 p.m.</u>

2

3              **THE CLERK:**  Calling Case Number CR-11-573, United

4    States versus Tze Chao.

5              Counsel, please step forward to the podium and state

6    your appearances.

7              **MR. AXELROD:**  Good afternoon, Your Honor.  Pete

8    Axelrod and John Hemann for the United States.

9              **THE COURT:**  Good afternoon.

10             **MR. HEMANN:**   Good afternoon, Your Honor.

11             **THE COURT:**  Good afternoon.

12             **MR. LYONS:**  Good afternoon, Your Honor.  Daniel

13   Lyons on behalf of Dr. Chao who is present to my right.

14             **THE COURT:**  Hello, Mr. Chao -- Dr. Chao, excuse me.

15   How are you, sir?  How are you, sir?

16             **THE DEFENDANT:**  Fine.  Thank you, Your Honor.

17             **THE COURT:**  Does your client have a problem with

18   hearing?  I'm not being facetious, but he didn't immediately

19   respond.

20             **THE DEFENDANT:**  I wear a hearing aid.

21             **MR. LYONS:**  He has a hearing aid, and I've not

22   noticed any real problem with hearing in the past.  There is no

23   problem with language that would require an interpreter.  No

24   problem.

25             **THE COURT:**  All right.  Well, although we'll get

1    into this in further detail, Dr. Chao, if there's anything you

2    don't hear, this is a very important proceeding, or where you

3    don't understand, just either raise your hand, talk to your

4    attorney --

5              **THE DEFENDANT:**  Yeah.

6              **THE COURT:**  -- or say something to me and then I'll

7    repeat it because we want to make sure you hear and understand

8    everything that happens today.  Okay?

9              **THE DEFENDANT:**  Thank you, Your Honor.  Yes.

10             **THE COURT:**  All right.  Mr. Axelrod?

11         **MR. AXELROD:**  Thank you, Your Honor.

12             Yes, we're here for a change of plea and I'm handing

13   the court clerk an executed copy of the original of the plea

14   agreement submitted by the parties.

15                   (Pause in proceedings.)

16         **THE COURT:**  And I take it that this plea agreement

17   is not under seal?

18             **MR. AXELROD:**  That is correct, Your Honor.

19         **THE COURT:**  All right.  Very well.

20             All right.  Dr. Chao, before I can accept your

21   guilty plea, I'm required to ask you some questions which

22   you'll be required to answer under oath.

23             So I'll ask the clerk to please swear the defendant.

24         **THE CLERK:**  Raise your right hand, please.

25         **THE DEFENDANT:**  Do you want me to repeat?

1        (Counsel and defendant conferring.)

2            **THE DEFENDANT:**  Yes, I swear I will speak

3    truthfully.

4                    (Defendant sworn.)

5            **THE COURT:**  Very well.  Thank you.  You can put your

6    hand down, Doctor.

7            All right.  So do you understand that because of the

8    oath that was just given to you, you are now under oath?

9            **THE DEFENDANT:**  Yes.

10           **THE COURT:**  And the consequence of -- what that

11   means is that you're required to tell the truth to the Court.

12   Do you understand that?

13           **THE DEFENDANT:**  Yeah, I understand.

14           **THE COURT:**  And you understand that because you're

15   under oath and you're talking to the Court under oath, if you

16   lie to the Court and intentionally tell a falsehood to the

17   Court, you could be subject to further prosecution for perjury

18   or false statement to the Court.  Do understand that?

19           **THE DEFENDANT:**  Yeah, I understand.

20           **THE COURT:**  And you could receive additional -- or

21   you could receive additional terms in jail in addition to what

22   you might be facing on the charges today.  Do you understand

23   that?

24           **THE DEFENDANT:**  I understand.

25           **THE COURT:**  So it's very important that you tell the

1    truth to the best of your ability.  Okay?

2              **THE DEFENDANT:**  Yes.

3              **THE COURT:**  All right.  So I'm going to ask you some

4    questions today to make sure that you voluntarily, knowingly,

5    and intelligently, with the advice of your attorney, want to

6    enter a guilty plea.

7              **THE DEFENDANT:**  Yes.

8              **THE COURT:**  I'm also going to ask you some questions

9    about the crime or crimes you're pleading guilty to and you'll

10   be required to answer those questions.  Do you understand that?

11             **THE DEFENDANT:**  Yes.

12             **THE COURT:**  If you wish to consult with your

13   attorney before answering any question or at any time during

14   this proceeding, please feel free to do so.  You do not need my

15   permission.  Okay?

16             **THE DEFENDANT:**  Okay.

17             **THE COURT:**  Very well.  And if you don't understand

18   my questions, as I mentioned before, just tell me and I will

19   rephrase the question and hopefully be able to ask a clearer

20   question.  Okay?

21             **THE DEFENDANT:**  Okay.  Thank you, Your Honor.

22             **THE COURT:**  You're welcome.

23             What is your full name, sir?  What's your name?

24             **THE DEFENDANT:**  First name Tze.  Last name Chao.

25   Spelled T-Z-E.  Last name spelled C-H-A-O.

1      THE COURT:  And how old are you, sir?

2      THE DEFENDANT:  77.

3      THE COURT:  How far did you go in school?

4      THE DEFENDANT:  You want to know my educational

5  background?

6      THE COURT:  Yes, please.  Thank you.

7      THE DEFENDANT:  I got my college degree in Yunlin in

8  Taiwan and then I went to Penn State in 1961 and graduated, got

9  my Ph.D. in 1966 from Penn State in mineral engineering.

10 That's chemical engineering.

11     THE COURT:  Chemical engineering?

12     THE DEFENDANT:  Yeah.

13     THE COURT:  All right.  So the next question may be

14 superfluous, but I have to ask it.  Can you read and write

15 English?

16     THE DEFENDANT:  Yes, sir.

17     THE COURT:  All right.  So I'm going to ask you some

18 questions today about your physical and emotional well-being

19 because I want to make sure that you understand what's

20 happening here today and that you can meaningfully waive your

21 rights.  So for that reason I'm going to ask you about your

22 physical and emotional well-being.

23     Before coming to court today, have you had any

24 alcoholic drinks?

25     THE DEFENDANT:  No.

1     **THE COURT:**  Have you been treated recently for any

2     mental illness or addiction to narcotic drugs of any kind?

3     **THE DEFENDANT:**  No, sir.

4     **THE COURT:**  Within the last 24 hours, have you taken

5     any medicines whether prescribed by a doctor or not?

6     **THE DEFENDANT:**  I've taken just some regular

7     medication, prescription medication, but not anything

8     concerning my mental state.

9     **THE COURT:**  I understand that, but could you tell me

10    generally what kinds of medications you're on?  Because I need

11    to make sure that -- the next question I'm going to ask you,

12    and I'm not asking it yet, is:  Do any of those drugs together

13    or apart from each other cause you to be such a way that you

14    might not be able to understand?  So tell me generally what

15    kind of medications you're taking.

16    **THE DEFENDANT:**  Okay.  One's for diabetes and

17    another one is for cholesterol control, and also I'm taking

18    hypertension medication.

19    **THE COURT:**  All right.  So, then, the next question

20    is:  And these are all prescribed by a physician?

21    **THE DEFENDANT:**  Yes, these are all prescription

22    medicine.

23    **THE COURT:**  All right.  Do any of these drugs,

24    either alone or in combination with the other drugs you've

25    taken, have any side effects which would interfere with your

1    capability or competence to fully understand the terms and

2    conditions of your plea agreement and these proceedings in

3    court today?

4              **THE DEFENDANT:**  No, sir.

5              **THE COURT:**  Are you currently in any pain?

6              **THE DEFENDANT:**  No.

7              **THE COURT:**  Are you sick in any way which would

8    prevent you from understanding what's going on today?

9                   (Counsel and defendant conferring.)

10             **THE DEFENDANT:**  Okay.  No, sir.

11             **THE COURT:**  Do you, in fact, understand what's going

12   on?  Do you understand what's happening here today?

13             **THE DEFENDANT:**  Yeah.

14             **MR. LYONS:**  Do understand what's happening?

15             **THE DEFENDANT:**  Yes.

16             **THE COURT:**  Tell me, you know, what you think is

17   going on in court here today in this case.  What's going on?  I

18   want to make sure you understand.  Because if you don't

19   understand, then we've got a problem.

20             **THE DEFENDANT:**  Yeah.  I understand, yeah.

21             **THE COURT:**  Well, what are we doing here today?

22             **THE DEFENDANT:**  Why I'm here?

23             **THE COURT:**  Yes.  Why are you here?

24             **THE DEFENDANT:**  I'm making a plea agreement with the

25   court of the crime I committed.  It's a trade secret crime.

1      THE COURT:  All right.  Are you pleading guilty?

2      THE DEFENDANT:  I plead guilty.

3      THE COURT:  All right.  You understand that that's

4  why you're here?

5      THE DEFENDANT:  Yeah.

6      THE COURT:  All right.  Now, do you understand that

7  even though you've told me that you're here to plead guilty,

8  that you have a right to enter a not guilty plea?  You have a

9  right to say, you know, "I didn't do it.  I'm not legally

10  guilty," and you have a right to maintain that position

11  throughout the entire case.  Do you understand that?

12      THE DEFENDANT:  I throughly understand.

13      THE COURT:  I'm sorry?

14      THE DEFENDANT:  I thoroughly understand.

15      THE COURT:  Oh, you do understand.  You surely

16  understand?

17      MR. LYONS:  Thoroughly.

18      THE COURT:  Thoroughly, I'm sorry.  Maybe I'm not

19  hearing very well today.  I apologize.

20      But do you understand that if you did enter a not

21  guilty plea, I want you to know all the rights that you would

22  have that you're giving up by entering the guilty plea.

23      So the first one you would have is, you'd have a

24  right to a trial.  Do you understand that?

25      THE DEFENDANT:  Yes.

1          **THE COURT:**  And I want to tell you a little bit

2    about this trial.  You would have a right to a speedy and

3    public trial in this court by a jury consisting of 12 citizens

4    of this district, which is the Northern District of California.

5    Do understand that?

6          **THE DEFENDANT:**  Yes, I understand.

7          **THE COURT:**  And do you understand that you have a

8    right to a speedy and public trial in this court?

9          **THE DEFENDANT:**  I do.

10         **THE COURT:**  And do you understand that before a jury

11   could convict you, its decision must be unanimous, which means

12   that all 12 members of the jury must agree on their verdict?

13         **THE DEFENDANT:**  I do.

14         **THE COURT:**  And at this trial you would have a right

15   to have an attorney represent you.  Do you understand that?

16         **THE DEFENDANT:**  Yeah, I do.

17         **THE COURT:**  And this attorney could either be one

18   that you pay for; or if you couldn't afford an attorney, then

19   the Court would appoint an attorney to represent you and the

20   Government would pay the cost of this attorney.  Do you

21   understand that?

22         **THE DEFENDANT:**  Yeah, I understand.

23         **THE COURT:**  You also understand that you may waive

24   or give up your right to counsel and represent yourself at

25   trial?

1          **THE DEFENDANT:**  Yes, I do.

2          **THE COURT:**  And at this trial you would be presumed

3   to be innocent and the burden would always be upon the

4   Government to prove your guilt beyond any reasonable doubt.  Do

5   you understand that?

6          **THE DEFENDANT:**  Yes.

7          **THE COURT:**  And to do that, that is, to prove your

8   guilt beyond a reasonable doubt, the Government would be

9   required to call witnesses who would appear and testify in open

10   court.  Do you understand that?

11          **THE DEFENDANT:**  Yes.

12          **THE COURT:**  Do you understand you have a right to

13   seek, confront, and cross-examine, or ask questions of each of

14   the Government's witnesses?

15          **THE DEFENDANT:**  Yes, sir.

16          **THE COURT:**  Now, during this trial, you also have a

17   constitutional right to remain silent, which means that during

18   the trial nobody could force you to testify, to be a witness

19   yourself, to call any witnesses, to present any evidence, or

20   even cross-examine the Government's witnesses.  In other words,

21   you could sit quietly and do nothing in the courtroom and the

22   Government is still required to prove you guilty beyond a

23   reasonable doubt.  Do you understand that?

24          **THE DEFENDANT:**  Yes.

25          **THE COURT:**  And you understand that the fact that

1    you chose to do nothing or remain silent could never be held

2    against you?  Do you understand that?

3              **THE DEFENDANT:**  Yes.

4              **THE COURT:**  And neither the Court, me, nor the jury

5    could infer or assume or presume that you were guilty just

6    because you entered -- you relied on your right to remain

7    silent.  Do you understand?

8              **THE DEFENDANT:**  Yes, sir.

9              **THE COURT:**  So, in other words, nobody could say,

10   "Well, Dr. Chao must be guilty because he didn't say anything;

11   and if he wasn't guilty, he would speak up and defend himself."

12   Because if they did that, that would violate your right to

13   remain silent.  Do you understand that, sir?

14             **THE DEFENDANT:**  Yeah.

15             **THE COURT:**  All right.  Now, on the other hand,

16   after consulting with your attorney, you may decide that, in

17   addition to cross-examining or questioning the Government's

18   witnesses, you and your attorney may call you as a witness or

19   may call any witnesses on your behalf that you think would help

20   your case or present any evidence that is allowed by federal

21   law.  Do you understand that?

22             **THE DEFENDANT:**  Yes, sir.

23             **THE COURT:**  And if you had some witnesses or

24   evidence that you felt would be of assistance to your defense

25   and that evidence or those witnesses were not readily available

1    to you, you have a right to use the subpoena powers of the

2    court to force those witnesses and that evidence to come to

3    court on your behalf.  Do you understand?

4              **THE DEFENDANT:**  Yes.

5              **THE COURT:**  However, the fact that you chose to

6    present evidence of any kind would never change the burden of

7    proof at trial.  Do you understand the Government also bears

8    the burden of proving you're guilty beyond a reasonable doubt

9    on all the charges brought against you at trial?

10             **THE DEFENDANT:**  Yes, sir.

11             **THE COURT:**  Do you understand that by entering a

12   guilty plea you give up your right to have a trial?

13             **THE DEFENDANT:**  I understand.

14             **THE COURT:**  Do you understand that you're giving up

15   your right to appeal any jury verdict of conviction since you

16   are convicting yourself by your admission today?

17             **THE DEFENDANT:**  Yes.

18             **THE COURT:**  And do you understand if I accept your

19   guilty plea, there will be no trial?

20             **THE DEFENDANT:**  Yes.

21             **THE COURT:**  Now, has anyone threatened you in any

22   way to force you to enter a guilty plea?

23             **THE DEFENDANT:**  No.

24             **THE COURT:**  Are you pleading guilty to protect

25   anyone?

1          **THE DEFENDANT:**  No.

2          **THE COURT:**  Are you being paid by anyone to enter a

3    guilty plea?

4          **THE DEFENDANT:**  No.

5          **THE COURT:**  Are you pleading guilty of your own free

6    will because you're, in fact, guilty?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:**  Now, other than this plea agreement

9    which we're about to turn to in a moment, has anyone promised

10   you anything outside of this agreement in return for your

11   guilty plea?

12         **THE DEFENDANT:**  No, sir.

13         **THE COURT:**  Now, you have signed and entered into a

14   written plea agreement with the Government; is that correct?

15         **THE DEFENDANT:**  Correct.

16         **THE COURT:**  Did you have an opportunity to read and

17   discuss the agreement with your attorney before you signed it?

18         **THE DEFENDANT:**  Yes.

19         **THE COURT:**  Do you understand all of the terms of

20   the plea agreement?

21         **THE DEFENDANT:**  Yes, sir.

22         **THE COURT:**  Now, what I'm going the do now,

23   Dr. Chao, is I'm going to summarize the essential terms of the

24   plea agreement, and then at the end of my verbal summary I'm

25   going to ask you if I correctly summarized the agreement.

1    Okay?

2              **THE DEFENDANT:**  Okay.

3              **THE COURT:**  So in this agreement, you agreed to

4    plead guilty to Count One of the superseding or new Indictment

5    in this case, which charges you with conspiracy to commit

6    economic espionage in violation of 18 United States Code,

7    Section 1831(a)(5).

8              And you agree that -- you acknowledge your

9    understanding of what the elements of that offense -- what

10   those elements are, and we'll get into those a little later in

11   the proceedings.

12             And you acknowledge your understanding of what the

13   possible maximum sentence that could be imposed upon you, which

14   is as follows:

15             A maximum prison term of 15 years;

16             A maximum fine of $500,000;

17             Three years of supervised release;

18             A mandatory special assessment of $100;

19             And restitution as determined by the Court.

20             And you acknowledge your understanding of those

21   maximums.  Do you understand those?

22             **THE DEFENDANT:**  Yes, sir, I do.

23             **THE COURT:**  And let me ask counsel.  Is there any

24   issue with respect to citizenship?

25             **MR. LYONS:**  No, Your Honor.

1           **THE COURT:**  All right.

2           **MR. LYONS:**  He is a naturalized citizen as of about

3    1972.

4           **THE COURT:**  Okay.  The reason we're having this

5    discussion, that I ask that question, is because our

6    Supreme Court has instructed that we're to tell, when we take a

7    guilty plea, we're to tell every defendant that one possible

8    consequence of pleading guilty, if they were not U.S. citizens,

9    is that they could be deported from the United States.

10          **THE DEFENDANT:**  Okay, yes.

11          **THE COURT:**  If you're a United States citizen, we

12   don't deport our citizens, but I'm required by the

13   Supreme Court to tell you that.  Do you understand that?

14          **THE DEFENDANT:**  Yes, I do.

15          **THE COURT:**  All right.  Now, you acknowledge that

16   certain facts are true, and we'll get into those facts in a

17   moment, and those facts make you guilty of the offense that

18   you're pleading guilty to, and we'll get into those a little

19   later.

20          You give up -- you agree to give up all the rights

21   that you would have had if you had gone to trial, including all

22   the rights I told you about and many more statutory

23   constitutional rights that you are giving up.

24          And you also agree to give up any claim that you're

25   being prosecuted in the wrong place, which is called "venue."

1  Do you understand that?

2           **THE DEFENDANT:**  Yes.

3           **THE COURT:**  You also give up your right to appeal

4  your conviction or any related judgment or order of the Court.

5           And you also give up your right to appeal any aspect

6  of your sentence, including any orders relating to forfeiture

7  or restitution, which means basically that, under this

8  agreement, if you don't agree with the sentence that I give

9  you, you think there's something wrong with it, you don't have

10  the right to appeal it to a higher court.  Do you understand

11  that?

12           **THE DEFENDANT:**  I understand, sir.

13           **THE COURT:**  All right.  And you also -- I want to

14  tell you that without this plea agreement, you would have a

15  right to basically come back to this court with an appeal, with

16  a lawsuit, that claims that your conviction and/or sentence

17  were illegally obtained.  Do you understand that?

18           **THE DEFENDANT:**  Yeah.

19           **THE COURT:**  But under this agreement, you've agreed

20  to give up that right to bring that appeal back to this court

21  with one exception and that is, that you maintain the right to

22  claim that your right to effective assistance of counsel was

23  violated.  Do you understand that?

24           **THE DEFENDANT:**  Yes, sir.

25           **THE COURT:**  And the reason for that, you retaining

1    that appropriately, is because you couldn't possibly know now

2    whether your were ineffectively being represented, you wouldn't

3    know that until the case was all over and you look back and

4    say, "Wait.  You know, I got lousy lawyering.  I want to bring

5    a claim."  To claim that, you couldn't know that until the end

6    so that's why you retain that claim.  Do you understand that?

7              **THE DEFENDANT:**  Yes.  Yes, sir.

8              **THE COURT:**  All right.  Now, you agree not to ask

9    the Court to withdraw your guilty plea at any time after it's

10   entered.  Do you understand that?

11             **THE DEFENDANT:**  Yes.

12             **THE COURT:**  And you agree not to ask the Court to

13   continue or delay your sentencing without the consent of the

14   Government.  Do you understand that?

15             **THE DEFENDANT:**  Yes, sir.

16             **THE COURT:**  And you agree that the Court will

17   calculate your sentence under the Sentencing Guidelines, which

18   are not binding on this Court, and also under the appropriate

19   sentencing statute, and you agree that your Sentencing

20   Guideline range will be calculated under the guideline

21   provisions that are listed in the plea agreement -- and I'll

22   get into those in a moment -- including in addition to seeking

23   a possible downward departure, that is, a request for more

24   lenient sentence, as contemplated by this agreement for your

25   cooperation.  Do you understand that?

1            **THE DEFENDANT:**  Yes, sir.

2            **THE COURT:**  And you reserve your right to argue for

3   a variance; that is, a departure -- not a -- I'm going to go

4   back.

5            You agree to be able to argue for a variance from

6   the guidelines, which means you agree to argue that you should

7   receive a sentence that's less than the guidelines.  Do you

8   understand that?

9            **THE DEFENDANT:**  Yes, sir.

10           **THE COURT:**  And you agree that the guideline range

11  includes the base offense level, the gain or loss, the

12  guideline relating to the benefiting of a foreign government or

13  instrumentality, an increase for the use of special skill, an

14  increase for obstruction of justice, and acceptance of

15  responsibility; that all of those factors will come into play

16  under the guidelines.  Is that what you understood?

17           **THE DEFENDANT:**  Yes, sir.

18           **THE COURT:**  And you agree that the Government may

19  tell the Court and Probation all information relevant to the

20  offense in this case and that the Court is not bound by the

21  guideline calculations that you think are correct.

22           And I may conclude, the Court may conclude, I have a

23  right to conclude, the power to conclude, that a higher

24  guideline range applies to you; and if it does, there's no

25  do-over.  You will not be entitled nor can you ask to withdraw

1    your guilty plea.  Do you understand?

2              **THE DEFENDANT:**  I do.

3              **THE COURT:**  All right.  And you agree that the Court

4    may order you to pay restitution in an amount to be determined

5    based upon the counts of the new Indictment, the superseding

6    Indictment, to which you're pleading guilty and you agree that

7    such fine or other monetary penalty or restitution will be

8    immediately due and payable and subject to immediate collection

9    by the Government, and you understand that the Government may

10   seek immediate collection of all of this.

11             Do you understand that?

12             **THE DEFENDANT:**  Yes, sir.

13             **THE COURT:**  And that's without regard to any

14   schedule of payments imposed by the Court or established by

15   Probation.  Do you understand?  Yes?

16             **THE DEFENDANT:**  Yes.

17             **THE COURT:**  All right.  And you agree that you'll

18   make a good-faith effort to pay any monetary penalty or

19   restitution and you'll provide truthful information, including

20   under oath, about your ability to make such financial payments,

21   and you agree to release any funds under your control to pay

22   any such financial payments; and to -- you agree to pay the

23   special assessment at the time of sentencing.

24             Now, in this agreement in paragraph 9 you've agreed

25   to cooperate with the Government before and after your

1    sentence.  The terms of the cooperation are laid out very

2    specifically and completely in this agreement.

3            Did you go over those with the Government?  I'm

4    sorry, did you go over those with your attorney?  Did you go

5    over those with your attorney, the provisions regarding your

6    requirement of cooperating with the Government?

7            **THE DEFENDANT:**  Yes.

8            **THE COURT:**  You did?

9            **THE DEFENDANT:**  Yes.

10           **THE COURT:**  And you understand that basically this

11   requires you to cooperate truthfully with the Government --

12           **THE DEFENDANT:**  Yes.

13           **THE COURT:**  -- and with any information that they

14   ask from you, that you agree to be truthful and honest in any

15   of your dealings with the Government in this case.  Do you

16   understand that?

17           **THE DEFENDANT:**  Yes, sir.

18           **THE COURT:**  And if you don't, bad things will happen

19   to you.  Do you understand that?

20           **THE DEFENDANT:**  Yes, sir.

21           **THE COURT:**  All right.  Now, you agree that the

22   Government's decision whether to file a motion for a downward

23   departure for a more lenient sentence based upon your

24   cooperation is solely up to them and their exclusive

25   discretion.  Do you understand that?

1          **THE DEFENDANT:**  Yeah, I understand.

2          **THE COURT:**  And that's based upon -- they will base

3     that on whether you provide substantial assistance or help, and

4     that decision is binding on you.  So when the Government

5     decides what they think, if anything, is appropriate in terms

6     of leniency, whatever they agree to, whatever they recommend to

7     the Court, you're bound by that.  Do you understand that?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  And you understand that the Government's

10    decision whether to file such a motion, or the extent of any

11    leniency or departure recommended by such motion, will not

12    depend on whether any convictions are obtained in your case?

13    Do you understand that?

14         **THE DEFENDANT:**  Yes, sir.

15         **THE COURT:**  And you understand that the Court is not

16    bound by the recommendation made by the Government?  Do you

17    understand that?

18         **THE DEFENDANT:**  I do.

19         **THE COURT:**  All right.  And, so, you agree not to

20    commit any, or attempt to commit any, further crimes before

21    sentence is imposed or before you surrender to serve your

22    sentence; not to violate the terms of your pretrial release;

23    not to intentionally provide false information or testimony to

24    the Court, the Probation Office, Pretrial Services, or the

25    Government; not to fail to comply with any of the other

1     promises you made in the agreement; and you agree that if you

2     don't comply, if you fail to comply with any promises you've

3     made in the agreement, then the Government will be released

4     from their promises in the agreement and you will not be

5     released from your guilty plea.  Do you understand?

6              **THE DEFENDANT:**  Yeah, I understand all that.

7              **THE COURT:**  All right.  And if you're prosecuted for

8     failing to comply with any promises you made in the agreement,

9     then any statements that you've made to any law enforcement

10    officer or agency or in court, whether it was made under this

11    agreement or otherwise, essentially can be used against you in

12    any future proceedings and you waive your right to object to

13    using against you any statements that you made of that kind.

14    Do you understand?

15             **THE DEFENDANT:**  Yes, sir.

16             **THE COURT:**  All right.  And you also agree to waive

17    any defense that you might have to prosecution based upon the

18    statute of limitations.  Basically what that is, the Government

19    is required to bring charges against you in a certain amount of

20    time.  If they don't do it, then you've got a defense.  You're

21    saying, in this agreement you're agreeing that you give up that

22    defense.  Do you understand?

23             **THE DEFENDANT:**  I do.

24             **THE COURT:**  All right.  And you also agree -- well,

25    you also agree that this agreement contains all the promises

1    with the Government and agreements, and you will not claim

2    otherwise in the future.  You acknowledge and agree that this

3    agreement binds only the U.S. Attorney's Office for this

4    district and not any other federal, state, or local agency.

5            Now, the Government has made certain promises to

6    you.  They promise that they will dismiss any open charges

7    against you in the Superseding Indictment at the time of

8    sentencing.

9            They agree not to file any additional charges

10   against you that could have been filed as a result of the

11   investigation that led to this Superseding Indictment.

12           They agree to recommend the guideline provisions

13   that we went over before in paragraph 7.

14           And they agree not to use any statements against you

15   that you made, or you do make, unless you fail to comply with

16   any of the promises in the agreement.

17           And the Government further agrees that if in their

18   sole discretion and judgment, they decide that you've

19   cooperated fully and truthfully, provided substantial

20   assistance to law enforcement authorities within the meaning of

21   the guidelines, and otherwise complied fully with this

22   agreement, the Government will file with the Court a motion

23   under the applicable guideline provision, which is called

24   5(k)1.1, and the federal sentencing statute that explains the

25   nature of your cooperation and recommends a downward departure

1    or a more lenient sentence.  Do you understand that?

2            **THE DEFENDANT:**  Yes, sir.

3            **THE COURT:**  All right.  And based upon the

4    information now known to the Government, they will -- they say

5    and they agree they will not oppose a downward departure of

6    three levels for acceptance of responsibility under the

7    applicable sentencing guideline provided that you forthrightly

8    accept your guilt, cooperate with the Court and Probation and

9    any presentence investigation order by the Court, and continue

10   to show that you accept responsibility for your actions through

11   and including the time of sentencing.

12           Now, you affirm that you've had adequate time to

13   consider this agreement, go over it with your attorney, and

14   that you have, in fact, considered all of the aspects and

15   consequences of this agreement and entered into it freely and

16   voluntarily.

17           So that concludes the Court's summary, Dr. Chao.

18   Did the Court accurately summarize your agreement?  Did the

19   Court accurately summarize the agreement with --

20           **THE DEFENDANT:**  Yes, sir.  Actually I have read that

21   agreement myself and signed it and even discussed with my

22   attorney, Mr. Lyons.

23           **THE COURT:**  All right.  And toward that end, would

24   the summary that I just gave, does that accurately reflect --

25           **THE DEFENDANT:**  Yes, sir, absolutely.

1          **THE COURT:**  Let me finish the question.  Does it

2     accurately reflect the agreement?

3          **THE DEFENDANT:**  Yes.  Accurately, yes.

4          **THE COURT:**  All right.  Has anyone made any

5     additional or different promises to you to get you to plead

6     guilty?

7          **THE DEFENDANT:**  No, sir.

8          **THE COURT:**  Now, I'm going to ask your attorney some

9     questions about the agreement, and I'm going to ask you to

10    please listen because I'm going to ask you to comment.

11          So, Mr. Lyons, is this your signature on the last

12    page of the agreement?

13          **MR. LYONS:**  It is, Your Honor.

14          **THE COURT:**  Have you discussed the agreement

15    thoroughly and completely with your client, including the

16    provision for waiver of appeal?

17          **MR. LYONS:**  I have, Your Honor.

18          **THE COURT:**  Have you discussed with Dr. Chao each of

19    the elements of the count in the Superseding Indictment to

20    which he's pleading guilty?

21          **MR. LYONS:**  Yes, sir, I have.

22          **THE COURT:**  Have you answered all of Dr. Chao's

23    questions about the plea agreement?

24          **MR. LYONS:**  I have, Your Honor.

25          **THE COURT:**  In your opinion, does Dr. Chao fully

1    understand this agreement, including the provision for waiver

2    of appeal?

3              **MR. LYONS:**  Yes, he does.

4              **THE COURT:**  All right.  Dr. Chao, turning back to

5    you, do agree with those answers?

6              **THE DEFENDANT:**  Yes, sir.

7              **THE COURT:**  Now, do you understand that the offense

8    to which you're pleading guilty is a felony?

9              **THE DEFENDANT:**  Yes, Your Honor.

10             **THE COURT:**  And if you're -- if I accept your guilty

11   plea, you'll be adjudged guilty of a felony and that may --

12   that will deprive you of certain civil rights, such as the

13   right to possess any kind of firearm or related material.  Do

14   you understand that?

15             **THE DEFENDANT:**  I understand.

16             **THE COURT:**  And it may deprive you of other civil

17   rights, such as the right to serve on a jury, the right to

18   vote, and the right to hold public office.  Do you understand,

19   sir?

20             **THE DEFENDANT:**  Yes, sir.

21             **THE COURT:**  Now, do you understand that, as part of

22   the plea agreement the Government is making, it has agreed to

23   make certain recommendations?

24             **THE DEFENDANT:**  Yes.

25             **THE COURT:**  Do you understand that these are merely

```
1   recommendations and the Court is not bound by them?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Do you understand that the Court may

4   accept or reject the recommendations of the Government after it

5   receives a Presentence Report?

6              THE DEFENDANT:  I do.

7              THE COURT:  And if the Court decides not to accept

8   the recommendation of the United States Attorney, do you

9   understand that you will not be permitted to withdraw your

10  guilty plea?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Your guilty plea will remain, in other

13  words, whether I accept the recommendation of the Government or

14  not.  Do you understand?

15             THE DEFENDANT:  Yes, I understand.

16             THE COURT:  All right.  Now, the plea agreement and

17  the discussion that the Court has had with you today refers to

18  the Sentencing Guidelines.  Do you understand that those

19  guidelines are not binding on the Court, they're only advisory?

20             THE DEFENDANT:  Yes, I do.

21             THE COURT:  Have you and your attorney talked about

22  how the guidelines may apply in your case?

23                  (Counsel and the defendant conferring.)

24             THE DEFENDANT:  Yes, sir.  Might apply?

25             THE COURT:  Go ahead.
```

1              **THE DEFENDANT:**  Yes, sir.

2              **THE COURT:**  What was the word you said?  I didn't

3    understand you.

4              **THE DEFENDANT:**  I said, "Might apply to my case?"

5              **THE COURT:**  Yes.

6              **THE DEFENDANT:**  Yes.

7              **THE COURT:**  All right.  Do you understand that the

8    Court will not be able to determine the correct advisory

9    guideline range for your case until after a Presentence Report

10   has been completed and you and the Government have had an

11   opportunity to challenge the reported facts?  Do you understand

12   that?

13             **THE DEFENDANT:**  Yes.

14             **THE COURT:**  Do you also understand that the sentence

15   imposed by the Court ultimately may be different from any

16   estimate that your attorney may have given to you?

17             **THE DEFENDANT:**  I do.

18             **THE COURT:**  And do you understand that, because as I

19   previously told you, the guidelines are not binding on the

20   Court, the Court has the authority to impose a sentence that is

21   more severe or less severe than the sentence called for by the

22   advisory guidelines?

23             **THE DEFENDANT:**  Yes, I do.

24             **THE COURT:**  And do you understand that under our

25   system of criminal justice, parole has been abolished and if

1    you're sentenced to prison, you will not be released on parole?

2            **THE DEFENDANT:**  I do.

3            **THE COURT:**  Now, have you received a copy of the

4    Superseding Indictment in this case, the written charges

5    against you?

6            **THE DEFENDANT:**  Yes, sir.

7            **THE COURT:**  Do you understand what you're charged

8    with?

9            **THE DEFENDANT:**  Yes.

10           **THE COURT:**  For the record I'll ask the United

11   States Attorney to please present is the elements of the

12   charged offense.

13           **MR. AXELROD:**  Yes, Your Honor.

14           Dr. Chao is charged in Count One of the Superseding

15   Indictment with conspiracy to commit economic espionage in

16   violation of 18 United States Code, Section 1831(a)(5).  The

17   elements of that offense are:

18           First, the defendant knowingly agreed with one or

19   more people to transmit, deliver, communicate, and convey trade

20   secrets without authorization in violation of 18 U.S.C.,

21   Section 1831(a)(2).

22           Second, that an overt act was taken to effect the

23   object of that agreement.

24           And, third, that the defendant intended and knew

25   that the purpose of the agreement was to benefit a foreign

1    instrumentality.

2              THE COURT:  All right.  Dr. Chao, do you understand

3    the elements of the offense with which you're charged?

4              THE DEFENDANT:  Yes.

5              THE COURT:  Have you fully discussed the charge and

6    the case in general with the attorney?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Have you had enough time to discuss any

9    possible defenses of the sentence?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Tell me in your own words what you think

12   you're charged with.

13             THE DEFENDANT:  My own words?

14             THE COURT:  Yes.  I want to make sure you understand

15   what you're facing here, what you're charged with.

16             THE DEFENDANT:  I used a DuPont trade secret.

17             THE COURT:  I'm not asking for the facts at this

18   point.  I'm going to get into that a little later.

19             But just what are the charges against you?  It's not

20   a trick question.  The Government just said it, but I want to

21   make sure you understand what you're charged with.

22             THE DEFENDANT:  It's an industrial espionage.

23             THE COURT:  All right.  That's basically correct,

24   conspiracy to commit that.  Do you understand that?

25             THE DEFENDANT:  Conspiracy.

1          THE COURT:  All right.  Now, have you -- do you

2    understand that the maximum penalties that can be imposed are

3    the ones that I summarized from the plea agreement?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And do you understand that the Court is

6    required to order you to make restitution to any victim who may

7    have sustained a loss unless the Court gives specific reasons

8    on the record for not ordering you to do so?

9          THE DEFENDANT:  Yeah, I do.

10          THE COURT:  And let me ask Mr. Axelrod.  Has the

11    Government undertaken its obligations under the Victim's Rights

12    Act?

13          MR. AXELROD:  Yes, Your Honor.

14          THE COURT:  All right.  What that means is, the law

15    requires that any victim of your crime, such as DuPont for

16    example, have their say in what is an appropriate disposition

17    of your case.  They have a right to talk to the Court, and

18    that's what I was asking.  It's the Government's responsibility

19    to advise any victims that they have a right to have such input

20    and talk to the Court.  Do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.  Do you understand that if

23    the Court sentences you to conditions of supervised release and

24    you violate any of those, you could receive additional time in

25    jail?

1              **THE DEFENDANT:**  I do.

2              **THE COURT:**  And, so, do you understand all of the

3     possible consequences of your plea?

4              **THE DEFENDANT:**  Yes, sir.

5              **THE COURT:**  Now, because I don't want anybody

6     pleading guilty in this court that's not actually guilty or

7     doesn't think they're guilty, I want you to tell me in your own

8     words what you did, just briefly, that makes you think you're

9     guilty of this crime that you're pleading guilty to.

10             **THE DEFENDANT:**  Okay.  I used DuPont trade secret.

11    I tried to help Pangang Group Company, which is state-owned

12    controlled by the government of the People's Republic of China,

13    to build a 100,000-ton per year modern chloride tank to make

14    TiO2 pigment.

15             **THE COURT:**  All right.  What I'm going to do now,

16    Dr. Chao, is, I'm going to ask the Government to tell you

17    briefly what -- before I do that, there's laid out in the plea

18    agreement at paragraph 2 very detailed factual allegations of

19    what you did in this case or what you admit to doing.  Do you

20    admit that those facts are true?

21                  (Counsel and defendant conferring.)

22             **THE DEFENDANT:**  Yeah.  Those are a more factual

23    statement.  I read through this more than once.

24             **THE COURT:**  "This" being the plea agreement?

25             **THE DEFENDANT:**  Yes.

1      **THE COURT:**  All right.  What I'm going to do now is

2   ask the Government to summarize what they would prove beyond a

3   reasonable doubt; and the reason for that is, even though you

4   believe you're guilty, you're not guilty in the eyes of the law

5   unless the Court says you are by accepting your guilty plea or

6   the Government can prove it beyond a reasonable doubt.

7          So I want you to hear, even though you've admitted

8   to facts and you've just told me very eloquently what you did,

9   what they could prove beyond a reasonable doubt in summary so

10  you could hear it in open court and decide if you still want to

11  plead guilty and you think they can prove it.  Okay?

12      **THE DEFENDANT:**  Yes, sir.

13      **THE COURT:**  Mr. Axelrod?

14      **MR. AXELROD:**  Thank you, Your Honor.

15          I'm not going to read the entirety of paragraph 2.

16  Let me summarize.  What the Government is prepared to prove at

17  trial in this matter is that Dr. Chao worked at DuPont for over

18  35 years.  During that time, he worked on the chloride-route

19  titanium dioxide process --

20      **THE COURT:**  Can you slow down a little bit?

21      **MR. AXELROD:**  Yes.

22      **THE COURT:**  -- because I don't know if the court

23  reporter is a chemical engineer or if she understands.  Just

24  slow down, please.

25      **MR. AXELROD:**  Fair enough.

1    -- that he worked on the chloride-route titanium

2    dioxide process during his time at DuPont.  In conjunction with

3    that work, he obtained trade secret information that was

4    proprietary to DuPont and secret.

5         That after he left DuPont, he took the trade secret

6    information with him.  He did not return it to DuPont as he had

7    promised to do.

8         And that after leaving DuPont, he consulted with the

9    Pangang Group.  The Pangang Group is a company that is

10   controlled by the government of the People's Republic of China.

11        That in 2008, Dr. Chao submitted a bid for a Pangang

12   Group project, a 100,000 metric ton chloride-route titanium

13   dioxide project in the PRC; that in submitting his bid, he

14   provided the Pangang Group with DuPont trade secrets.

15        That after that time -- well, actually during the

16   process of submitting the bid to the Pangang Group, the Pangang

17   Group had asked for DuPont TiO2 blueprints.

18        And in 2009, the Pangang Group hired Dr. Chao to

19   review plans that had been provided by USA Performance

20   Technology, that Dr. Chao accepted that assignment; and in the

21   course of reviewing those plans, provided the Pangang Group

22   with additional DuPont trade secrets and that he knew those to

23   be trade secrets.

24        And that is a summary of the proof.

25        **THE COURT:**  All right.  Dr. Chao, turning back to

1  you, you heard the evidence which the Government says it would

2  be able to prove at trial.  Did you hear that?

3          THE DEFENDANT:  Yes, sir.

4          MR. LYONS:  Your Honor, may I say one thing for the

5  record?

6          THE COURT:  Sure.

7          MR. LYONS:  It is true that -- it is true that the

8  Pangang Group asked for blueprints.  One thing Dr. Chao did not

9  give them was blueprints.

10         THE COURT:  All right.  Do you accept that?

11         MR. AXELROD:  Yes.

12         THE COURT:  All right.  Is what the Government said

13 in terms of the facts substantially true?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Are there any corrections you'd like to

16 make to what they said other than what your attorney just did?

17         THE DEFENDANT:  All the corrections I want to make

18 has already been discussed with them, agreed upon.  So I accept

19 this.

20         THE COURT:  All right.  Very well.  Are you pleading

21 guilty because you're in fact guilty of the charge?

22         THE DEFENDANT:  Yes.

23         THE COURT:  Now I want to ask you some questions

24 about your professional relationship with your attorney.

25         You've been represented in this case by Mr. Lyons;

```
1    is that correct?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Has your attorney provided you with all

4    of the legal advice that you've needed or wanted?

5              THE DEFENDANT:  Oh, yes, sir.

6              THE COURT:  Has your attorney done anything that you

7    previously objected to or object to now?  Anything that he's

8    done that you don't like on your behalf?  Is there anything

9    that he's done?

10                 (Counsel and defendant conferring.)

11             THE DEFENDANT:  Well, there -- of course, there will

12   always will be some disagreement, but that's for discussion.

13   This is my highly priced attorney.  I look upon him for

14   guidance.

15             THE COURT:  All right.  Let me ask you it a

16   different way.  Are you satisfied with the legal help that you

17   received from your attorney?

18             THE DEFENDANT:  Yes, sir.

19             THE COURT:  All right.  Do you need to obtain any

20   further legal advice from your attorney now before the Court

21   accepts your guilty plea?  Do you want to talk to him like --

22   the next thing that's going to happen, Dr. Chao, is I'm going

23   to ask you if you plead guilty or not.

24             THE DEFENDANT:  No, sir.

25             THE COURT:  Let me finish my question.  So sometimes
```

1   you might have cold feet or decide, "Gee, the judge said

2   something I had a question about, something came up."

3          Is there anything more you'd like to talk to your

4   lawyer about?

5          **THE DEFENDANT:**  No, Your Honor.

6          **THE COURT:**  All right.  So with all the consequences

7   of pleading guilty in mind, how do you plead to Count One of

8   the superseding Indictment, which charges you with conspiracy

9   to commit economic espionage in violation of 18 United States

10  Code, Section 1831(a)(5); guilty or not guilty?

11         **THE DEFENDANT:**  Guilty as charged.

12         **THE COURT:**  All right.  The Court finds that the

13  defendant has knowingly, voluntarily, and intelligently, with

14  the advice of his attorney, entered a guilty plea.

15         The Court further finds that the elements required

16  to support a conviction under the charged statute have been

17  satisfied.

18         The Court further finds there is a sufficient

19  factual basis to support the guilty plea; therefore, the Court

20  accepts the guilty plea.

21         Is the Government -- are the parties requesting the

22  Court order a Presentence Report at this point?

23         **MR. AXELROD:**  Not at this point in time, Your Honor.

24  What I was going to suggest are two things.  First, that maybe

25  we do a written status report to the Court in six months.  I

```
1   suspect, given the nature and scope of this case, that it's
2   going to take some time to work through the system and we can
3   report back to the Court without setting a specific date for
4   sentencing or for a Presentence Report.
5           THE COURT:  All right.  But you do propose setting a
6   date for status report?
7           MR. AXELROD:  Correct.
8           THE COURT:  All right.  Do you agree with that?
9           MR. LYONS:  I do, Your Honor.
10          THE COURT:  All right.  Ms. Otollini, let's just
11  pick any arbitrary date six months hence; and whatever that
12  date is, on that date the parties will present a joint status
13  report to the Court about -- I don't need the details of any
14  cooperation, but I just would like to know just generally the
15  time horizon.
16          MR. AXELROD:  Exactly.
17          THE COURT:  All right.  Ms. Otollini?
18          MR. LYONS:  May I speak with my colleague,
19  Your Honor?
20          THE COURT:  Oh, sure.
21                  (Pause in proceedings.)
22          MR. LYONS:  Thank you, Your Honor.
23          THE COURT:  Ms. Otollini?
24          THE CLERK:  So we just want a date for the joint
25  status report?
```

1          **THE COURT:**  Correct.  I just need a written status

2    report.  If the parties need an appearance, they can indicate

3    that in the status report; otherwise, I won't require one at

4    this point.

5          **MR. AXELROD:**  Thank you, Your Honor.

6          **THE CLERK:**  Joint status report would be due on

7    September 6th, 2012.

8          **THE COURT:**  All right.

9          **MR. AXELROD:**  And the other housekeeping matter,

10   Your Honor, would be, given the entry of plea, if the Court

11   would excuse Dr. Chao from further appearances in the calling

12   of this case.  There's going to be many other callings.

13         **THE COURT:**  Absolutely.  You're excused from any

14   further callings subject to further court order.

15         One question I have is, I noticed at least one

16   document in this case was sealed per stipulation.

17         **MR. AXELROD:**  Right.

18         **THE COURT:**  Has that now been unsealed or does it

19   need to be unsealed?

20         **MR. AXELROD:**  It doesn't need to be.  It certainly

21   can be.  We did that because we weren't quite at this point yet

22   so we have no objection to unsealing it at this point.

23         **THE COURT:**  All right.  So we'll unseal it in the

24   case.  Subject to any further order of the court, obviously, it

25   will be completely unsealed.

1          **MR. AXELROD:**  That's fine, Your Honor.

2          **THE COURT:**  All right.  Anything further?

3          **MR. AXELROD:**  No, Your Honor.

4          **MR. HEMANN:**  No, Your Honor.

5          **THE COURT:**  Any objection to continuing Dr. Chao

6  under the same conditions of release?

7          **MR. AXELROD:**  No, Your Honor.

8          **MR. HEMANN:**  No, Your Honor.

9          **THE COURT:**  All right.  So ordered.

10          Anything further?

11          **MR. LYONS:**  No, Your Honor.

12          **THE COURT:**  Thank you very much, Dr. Chao.

13          **THE DEFENDANT:**  Okay.  Thank you, Your Honor.  May I

14  consult my attorney?

15          **THE COURT:**  Any time you want.  Do you want me to

16  wait?

17          **MR. LYONS:**  Do you want the judge to wait?

18          **THE COURT:**  Is this something for the Court?

19          **MR. LYONS:**  He has one question.

20          **THE COURT:**  All right.

21              (Counsel and defendant conferring.)

22          **THE COURT:**  Why don't you step away from the

23  microphone.  Dr. Chao?  Dr. Chao?

24          Mr. Lyons, I can hear him.  I'm sure he didn't want

25  me to hear.  So why don't you --

1          **MR. LYONS:**  May I speak with him again, Your Honor?

2          **THE COURT:**  Yes, please.

3               (Counsel and defendant conferring.)

4          **MR. LYONS:**  We're fine.   Thank you, Your Honor.

5          **THE COURT:**  All right.   Thank you very much,

6     Dr. Chao.

7          **ALL:**   Thank you, Your Honor.

8               (Proceedings adjourned at 4:38 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**CERTIFICATE OF REPORTER**

      I, KELLY SHAINLINE, Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in CR 11-0573-05 JSW, United States of America versus Tze Chao, were reported by me, a shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

      The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

Kelly Shainline, Court Reporter

Monday, May 7, 2012