**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WALTER LIEW,<br><br>Defendant._____/ | No. CR 11-00573-1 JSW<br><br>**AMENDED ORDER GRANTING GOVERNMENT'S MOTION FOR REVOCATION OF MAGISTRATE JUDGE'S RELEASE ORDER** |

This matter comes before the Court upon consideration of the Government's motion to revoke Magistrate Judge Cousins' order, dated February 22, 2013, granting the motion for pretrial release filed by Defendant Walter Liew ("Mr. Liew") (the "Release Order"). The Court has considered the parties' papers, including the Government's reply, relevant legal authority, the record in this case, and has had the benefit of oral argument. The Court also has considered Mr. Liew's *ex parte* submission, dated February 15, 2013, which Magistrate Judge Cousins reviewed *in camera*. For the reasons set forth herein, the Court HEREBY GRANTS the Government's motion.[1]

**BACKGROUND**

The parties have set forth relevant facts in their briefs. Magistrate Judge Cousins set forth the procedural history relevant to Mr. Liew's detention in the Release Order. The Court shall not repeat the facts and procedural history, except as necessary to its analysis. In sum, Mr. Liew has been detained since July 28, 2011, on the basis that the Government had shown by a

---

[1] The Court issues this Order to amend page 3 line 19 of the Order dated March 20, 2013, in which the Court inadvertently omitted the word "not."

preponderance of the evidence that Mr. Liew was a flight risk and no condition or combination of conditions would reasonably assure Mr. Liew's appearance as required. (*See, e.g.,* Docket Nos. 19, 74.)

On February 26, 2013, Magistrate Judge Cousins determined that Mr. Liew is eligible for pretrial release. (Docket No. 255 ("Release Order").) Judge Cousins noted that many of the bail factors have not changed since February 28, 2012, when he ruled on Mr. Liew's previous motion for pretrial release. (Release Order at 3:18-19.) The two primary changes are that Mr. Liew offered to increase the amount of the monetary bond from $200,000 to $2,000,000, and that he has been in custody for approximately 19 months, and "further detention points strongly to a denial of Mr. Liew's due process rights," because the Government contemplated bringing additional charges, discovery is not complete, and this Court has not set a trial date. (*Id.* at 4:6-25.)

During the time the parties were briefing this motion, the Grand Jury returned, and the Government filed the promised Second Superseding Indictment. (Docket No. 269.) As a result, Mr. Liew now faces the following additional charges: (1) five counts of filing false tax returns, in violation of 26 U.S.C. section 7206(1); (2) two counts of making false statements in bankruptcy proceedings, in violation of 18 U.S.C. section 152(3); and (3) one count of making a false oath in bankruptcy proceedings, in violation of 18 U.S.C. section 152(2).

**ANALYSIS**

"If a person is ordered released by a magistrate judge, ... the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release[.]" 18 U.S.C. § 3145(a). This Court review's the Magistrate Judge's decision under a *de novo* standard of review. *United States v. Koenig*, 912 F.2d 1190, 1192 (9th Cir. 1990). Under the *de novo* standard of review, this Court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold

additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate." *Koenig*, 912 F.2d at 1193.

Under Section 3142, in a case, such as this, where the Government argues that a defendant is a serious risk of flight, a court must hold a hearing to determine "whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required...." 18 U.S.C. § 3142(f); *see also* 18 U.S.C. § 3142(c)(1)(B). At such a hearing, a court considers the available information concerning: (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by release. 18 U.S.C. § 3142(g).

As the Court stated on the record, the Court finds Judge Cousins' analysis of the factors set forth in 3142(g), as set forth at pages 5 through 6 of the Release Order, is well reasoned. Although the Grand Jury returned the Second Superseding Indictment, which charges Mr. Liew with additional offenses, that fact would not alter the Court's analysis of the Section 3142(g) factors.[2]

The Court also shares Judge Cousins' concerns about the due process implications of continued detention. *See United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988); *United States v. Ailemen*, 165 F.R.D. 571, 577 (N.D. Cal. 1996). However, this Court previously designated this matter as a complex case. (*See, e.g.,* Docket No. 45.) The Court also cannot find that the Government is entirely responsible for the delays in this case. Ultimately, however, at this stage of the proceedings, the due process argument is not one that would convince this Court that release would be appropriate.

Pursuant to the Government's request, Judge Cousins inquired into the source of the proposed $2,000,000 cash bond. *See* 18 U.S.C. § 3142(g); *United States v. Nebbia*, 357 F.2d 303 (2d Cir. 1966). This Court has now reviewed the *ex parte* submission. As a preliminary matter, although the Government has presented facts that raise concerns about Mr. Liew's

---

[2] The Court fully agrees with Judge Cousins' determination that a private security guard is not appropriate.

3

credibility, the ex parte submission contains statements that reflect a serious measure of candor about the topics discussed. Unfortunately, that candor does not convince the Court that there is a sufficient basis from which it can conclude the source of the bond is such that the $2,000,000, in conjunction with other conditions, will reasonably assure Mr. Liew's appearance at trial.

By way of example only, and without disclosing the substance of the materials that were submitted for *ex parte* review, there is insufficient information from which the Court could determine the value of the property located outside the United States, from which the $2,000,000 would be derived. In addition, much of the information presented is based upon information and belief, and Mr. Liew does not provide a satisfactory explanation of why he would not be able to establish personal knowledge of the facts discussed.

Therefore, on this record, this Court is not satisfied the source of the $2,000,000 bond will reasonably assure Mr. Liew's appearance at trial. Accordingly, the Court GRANTS the Government's motion to revoke the Release Order. As this case progresses, the Court's ruling should not be construed to preclude Mr. Liew from filing a further motion for pretrial release.

In addition, in light of the Court's ruling, it shall not require that the *ex parte* submission be provided in whole or in part to the Government. As the Court stated on the record at the hearing, it cannot say that Judge Cousins erred by permitting Mr. Liew to submit materials *ex parte* for an *in camera* review. However, if Mr. Liew renews his motion for pretrial release, and if there are questions about the source of the funds or property for any proposed bond, the Court expects the parties to provide a more robust legal argument about: (1) the propriety of maintaining all such documents under seal; and (2) whether other remedies could sufficiently protect Mr. Liew's Fifth Amendment rights, to the extent those rights actually are implicated by such a submission.

**IT IS SO ORDERED.**

Dated: March 21, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4