**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PANGANG GROUP COMPANY, LTD. AND PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY<br><br>Defendants. | No. CR 11-00573-7 JSW<br>No. CR 11-00573-10 JSW<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR ISSUANCE OF NEW SUMMONSES BASED ON A FINDING OF SUBSTANTIAL COMPLIANCE WITH RULE 4 WITH RESPECT TO DEFENDANTS PANGANG GROUP COMPANY, LTD. AND PANGANG GROUP INTERNATIONAL ECONOMIC & TRADING COMPANY**<br><br>**(Docket No. 423)** |

On August 15, 2013, the Government filed a motion asking for leave to file a motion to issue new summonses to Pangang Group Company, Ltd. ("Pangang Group") and Pangang Group International Economic & Trading Company ("PIETC"). Specifically, the Government asks for leave to file a brief in which it will argue that the Court should issues these summonses, because it has substantially complied with the provisions of Federal Rule of Criminal Procedure 4(c). Pangang Group and PIETC oppose the motion for leave to file, and they have also addressed the Government's substantive argument.

The Court has considered the parties' arguments, relevant legal authority, and the record in this case. For the reasons set forth in the remainder of this Order, the Court DENIES the

Government's request for leave to file an additional brief relating to service.

The Northern District Criminal Rules do not set forth standards by which to judge a motion for leave to file a motion for reconsideration. Under Civil Local Rule 7-9(b), a party may move for reconsideration on one of three grounds: (1) a material difference in law or fact exists and the party seeking reconsideration, exercising reasonable diligence, did not know that fact or law at the time of the court's order; (2) new material facts or a change in law has emerged since the entry of the court's original order; and (3) a manifest failure by the court to consider material facts or dispositive legal arguments. N.D. Civ. L.R. 7-9(b)(1)-(3); *see also School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1225, 1263 (9th Cir. 1993). A party may not raise arguments previously presented to the court. N.D. Civ. L.R. 7-9(c). Similarly, a party should not use a motion for reconsideration to present the court with an argument it reasonably could have raised earlier in the litigation. *See Caroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). To the extent the Court could reconsider its prior orders as a matter of judicial discretion, it declines to do so for the reasons set forth below. *See United States v. Lopez-Cruz*, – F.3d –, 2013 WL 4838908, at *7 (9th Cir. Sept. 12, 2013).

The Government concedes there are no new facts or a change in the law that would warrant reconsideration. It also does not argue that the Court manifestly failed to consider material facts or dispositive legal arguments. Rather, the Government appears to rely on the first prong of Local Rule 7-9(b), and it asks the Court to reconsider its ruling based on *Borzeka v. Heckler,* 739 F.2d 444 (9th Cir. 1984). In the *Borzeka* case, the Ninth Circuit concluded that the district court should not have dismissed a *pro se* plaintiff's complaint, where the plaintiff had shown he had substantially complied with the provisions of Federal Rule of Civil Procedure 4(d) for service on the United States. *Id.* at 447 & n. 1 (citing *Jackson v. Hayakawa*, 642 F.2d 1344, 1347 (9th Cir. 1982)). The court reasoned that dismissal was not required because: (1) the party to be served received actual notice; (2) the defendant would not be prejudiced by the defect; (3) the plaintiff had a justifiable excuse for failing to comply with the provisions of Rule 4(d); and (4) the plaintiff would be prejudiced by the dismissal. *Id.*

The Government argues that its "failure to present the substantial compliance line of authority to this Court previously was not for lack of reasonable diligence," because it believed it had properly effected service and "came across" the *Borzeka* case while researching possible ways to avoid the drastic remedy of dismissal. (Docket No. 423, Gov. Mot. at 5:15-19.) The Court finds the Government's argument that it has exercised reasonable diligence in pursuing this argument unpersuasive.

First, the *Borzeka* case is not new authority, and the fact that the Government only recently discovered it does not show that it could not reasonably have discovered the case earlier. Second, as noted in *Borzeka*, the court addressed whether dismissal was an appropriate remedy for a defect in service, and this Court has not determined that dismissal is an appropriate remedy. For this same reason, the Court finds unpersuasive the Government's reliance on *United States v. Sollenberger*, 2008 WL 1981539, at *3 (M.D. Pa. May 2, 2008) (finding that dismissal was not an appropriate remedy for technical defect in service). In addition, *Borzeka* addresses the requirements of Civil Rule 4. The Court already has found that the differences between Civil Rule 4 and Criminal Rule 4 are not insignificant. *See United States v. Pangang Group. Co., Ltd.,* 879 F. Supp. 2d 1052, 1065 (N.D. Cal. 2012). Further, in *Sollenberger*, the defendant was an individual, rather than a foreign corporation alleged to be an instrument of a foreign government.

Finally, in its opposition to the Pangang Defendants' first motion to quash, the Government argued that both Pangang Group and PIETC had actual notice of the Indictment, which satisfied the purposes of Rule 4(c). (Docket No.122, Gov. Opp. Br. at 15:12-16; *see also id.*, 15:19-27.) The Court, however, rejected that argument, and in doing so, the Court raised the concept of substantial compliance. *See Pangang Group*, 879 F. Supp. 2d at 1065 ("even in civil cases, actual notice without substantial compliance with the requirements of Civil Rule 4, is not sufficient to bring a defendant within the jurisdiction of the court"). Notwithstanding that fact, the Government failed to raise the argument that it substantially complied with Criminal Rule 4(c) in its opposition to the Pangang Defendants' second motion to quash. That fact also

undermines the Government's position that it has exercised reasonable diligence in presenting this argument to the Court.

With respect to the issue of substantial compliance, the Court stated that it was not convinced that Criminal Rule 4 should be construed as restrictively as the court did in *United States v. Johnson Matthey PLC*, 2007 WL 2254676 (D. Utah Aug. 2, 2007), *i.e.* that the Government would be required to rely on an alternative means of service. *See Johnson Matthey*, 2007 WL 2254676, at *2. However, based on the facts of this case, the Court remains "persuaded that the only way for the Government to show that it has complied with the mailing requirement, is to show that Pan America is the alter-ego of a particular Pangang Defendant." *Pangang Group*, 879 F. Supp. 2d at 1066.

The Government also has asked that, if the Court declines to issue any new summons, it "make a finding that the government will be unable to effect service, the prosecution may not proceed against these defendants, and that the indictment should be dismissed." (Docket No. 423, Gov. Mot. at 2:9-12.) Although the Government does not state the basis for this request, the Court presumes that it asks for this finding so that it may appeal the Court's Orders quashing service. *See* 18 U.S.C. 3731; *United States v. Chaudry*, 630 F.3d 875,878-79 (9th Cir. 2011) (setting forth conditions when government has right to appeal and when government may seek an appeal based on the collateral order doctrine). Pangang Group and PIETC also oppose this request.

The Court is not convinced that dismissal is appropriate. It is possible that the Government could discover new facts that would warrant revisiting the Court's rulings on agency and alter-ego. The Government also has not put forth any evidence in support of its request to suggest that the Court's Orders "effectively terminate" litigation against any of the Pangang Defendants or that this prosecution could never proceed against them.

If the Government believes that it cannot appeal the Court's previous Orders under the collateral order doctrine, either because the facts of this case would not satisfy the Ninth Circuit's requirements or because the time to file a notice of appeal has now passed, the Court would consider enter a terminating order if the Government can, in good faith, attest that there

4

are no new facts that could be developed to alter this Court's previous rulings on agency and alter-ego.

**IT IS SO ORDERED.**

Dated: October 1, 2013



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE