**Volume 25**

**Pages 4674 - 4686**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jeffrey S. White, Judge

```
UNITED STATES OF AMERICA,       )
                                )
          Plaintiff,            )
                                )
  VS.                           )    NO. CR 11-00573 JSW
                                )
WALTER LIEW; ROBERT MAEGERLE;   )
and USA PERFORMANCE TECHNOLOGY, )
INC.,                           )
                                )
          Defendants.           )
_____)
```

San Francisco, California
Thursday, February 27, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**
For Plaintiff:

        MELINDA HAAG
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
**BY:  PETE AXELROD**
     **JOHN H. HEMANN**
     **ASSISTANT UNITED STATES ATTORNEYS**

        U.S. DEPARTMENT OF JUSTICE
        600 E Street NW
        Washington, D.C.  20044
**BY:  RICHARD S. SCOTT**
     **ASSISTANT U.S. ATTORNEY**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported by:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
           Official Reporter

```
 1   APPEARANCES:   (CONTINUED)

 2   For Defendant Walter Liew and USA Performance Technology, Inc.:
                              KEKER & VAN NEST LLP
 3                            633 Battery Street
                              San Francisco, California   94111
 4                      BY:   STUART L. GASNER
                              SIMONA A. AGNOLUCCI
 5                            KATHERINE M. LOVETT
                              CHRISTINA BLAIS
 6                            ATTORNEYS AT LAW

 7   For Defendant Robert J. Maegerle:
                              MCKENNEY & FROELICH
 8                            1349 West Peachtree Street
                              Two Midtown Plaza - Suite 1250
 9                            Atlanta, Georgia   30309
                        BY:   JEROME J. FROELICH, JR.
10                            ATTORNEY AT LAW
```

|   |   |   |
|---|---|---|
| 1 | **Thursday - February 27, 2014** | **9:52 a.m.** |

**P R O C E E D I N G S**

---o0o---

(Proceedings were heard out of the presence of the jury; Defendant Liew not present:)

**THE COURT:** Good morning.

**MR. HEMANN:** Good morning, Your Honor.

**THE COURT:** Where's Mr. Liew? He's supposed to be on 20 minutes -- it took you guys 45 minutes. So what's going on?

**MR. GASNER:** He's en route and apologies, Your Honor. We just miscalculated how long it would take all of us to arrive, and we will not make that mistake again.

**THE COURT:** Well, we can't do anything if he's not here.

**MR. GASNER:** We're still working on our alternative drafts at the moment, so --

**THE COURT:** All right.

**MR. GASNER:** -- we're making progress.

**THE COURT:** The Court has another appointment, and I have to leave here by no later than 10:30.

**MS. AGNOLUCCI:** I just spoke with him, Your Honor. He's on the Bay Bridge in traffic getting here as quickly as he possibly can, and he apologizes.

**THE COURT:** Well, he shouldn't have been on the other side of the Bay. That's not acceptable.

| | |
|---|---|
| 1 | **MS. AGNOLUCCI:** Understood, Your Honor. |
| 2 | **MR. GASNER:** We'll make it more clear to him. |
| 3 | **THE COURT:** All right. |
| 4 | **MR. HEMANN:** Your Honor, we've provided a draft of our |
| 5 | proposed response to the Defense, and I think the Defense is |
| 6 | proposing an alternative. Should we provide these? And |
| 7 | they're just handwritten. |
| 8 | **THE COURT:** Yeah, why don't you do that so at least I |
| 9 | can make productive use of this time. |
| 10 | **MR. HEMANN:** Okay, Your Honor. |
| 11 | **MR. GASNER:** We're almost done with ours. We're still |
| 12 | working. |
| 13 | **THE COURT:** All right. So do you want to -- |
| 14 | **MR. HEMANN:** I can hand this up. |
| 15 | **THE COURT:** -- hand it? I'll take a look at it, and |
| 16 | I'll certainly not make up my mind until I see the Defense's |
| 17 | position. All right? |
| 18 | **MR. GASNER:** That's fine, Your Honor. |
| 19 | **THE COURT:** All right. Ms. Ottolini, let me know as |
| 20 | soon as he arrives. |
| 21 | **THE CLERK:** I will. |
| 22 | **MR. HEMANN:** Thank you, Your Honor. |
| 23 | (Recess taken at 9:53 a.m.) |
| 24 | (Proceedings resumed at 10:09 a.m.) |
| 25 | (Proceedings were heard out of the presence of the jury, |

```
 1  all defendants present:)
 2          THE COURT:  Please call the case.
 3          THE CLERK:  Calling Case Number CR-11-573,
 4  United States versus Walter Liew, United States versus Robert
 5  Maegerle, and United States versus USAPTI.
 6       Counsel, please state your appearances.
 7          MR. HEMANN:  Good morning, Your Honor.  John Hemann,
 8  Pete Axelrod, and Richard Scott for the United States.
 9          THE COURT:  Good morning.
10          MR. GASNER:  Good morning, Your Honor.  Stuart Gasner,
11  Simona Agnolucci, Katie Lovett for defendants USAPTI and Walter
12  Liew, who is present.
13          THE COURT:  All right.
14          MR. FROELICH:  Good morning, Your Honor.  Jerry
15  Froelich for Mr. Maegerle.  Mr. Maegerle is standing next to
16  me.
17          THE COURT:  Good morning.
18          DEFENDANT MAEGERLE:  Good morning, Your Honor.
19          THE COURT:  Mr. Liew, you were directed to be on 20
20  minutes' notice to be here.  Why were you not available?  It
21  was over an hour till we were able to get you here.
22          DEFENDANT LIEW:  Yes, Your Honor.  My apologies.  That
23  was my misunderstanding.
24          THE COURT:  All right.  Well, there is no
25  misunderstanding now.  You are directed to stay in the city
```

```
 1   during the entire time that the jury is deliberating.
 2            DEFENDANT LIEW:  Yes, Your Honor.
 3            THE COURT:  You must be in San Francisco.  All right?
 4   Do you understand that?
 5            DEFENDANT LIEW:  Yes, I do.
 6            THE COURT:  All right.  Very well.
 7            DEFENDANT LIEW:  Thank you, Your Honor.
 8            THE COURT:  I'll let it go this time, but not the next
 9   time.
10        All right.  So we have a note from the jury, which says as
11   follows:  (reading)
12            "Count 8's charges differ on jury verdict form,
13        preliminary instructions, and final instructions.  Why are
14        there two 'Count 8s' and why isn't 'aiding and abetting'
15        included on the jury verdict form?  We need clarification
16        on Count 8."
17        And I have the competing proposals by the Government and
18   the Defendant that were handwritten.
19        So I guess I should ask you, Mr. Gasner, since your
20   proposal is substantially similar to the Government's, although
21   shorter; and, so, what aspect of the Government's proposal do
22   you object to?
23            MR. GASNER:  My main objection is the language about
24   "you may find the defendant guilty."  I think that undoes an
25   awful lot of what the Court has taken great pains to establish
```

1  in the instructions as a whole in terms of beyond a reasonable
2  doubt and burden of proof and everything else.  So that's my
3  main objection.
4      Also, I think that it's too much information in terms of
5  they've only asked why are there two instructions.  The answer
6  to that is there are two -- the Government has alleged two
7  theories.  That's the answer to that.
8      Why is there only one spot on the jury verdict form?  The
9  answer to that is because if you find either theory of
10 liability, there's only one checkmark required.
11     So I think ours is shorter; answers the question.  The
12 Government's has kind of a pro guilty verdict bias, and then
13 gets into this whole issue of unanimity that the panel hasn't
14 asked about.
15         **THE COURT:**  All right.  Mr. Hemann?
16         **MR. HEMANN:**  I think that the issue with regard to
17 "you may find the defendant guilty" is a valid point; and I
18 think that there's some wordsmithing that could be done sort of
19 along the lines, "It is not necessary for you to...."
20     I do think that their question goes to -- I think it's
21 more complex or subtle than the short Defense proposal
22 addresses, and I think that it will leave them with the
23 misimpression that they are required to find unanimity or
24 they're required to be unanimous as to one of the two theories,
25 which the law says that they are not.

1   **THE COURT:** Okay. Well, I was going to suggest --
2   I've already done some wordsmithing, and I also proposed,
3   because I think it's -- although they don't specifically
4   mention Count 14, the answer is the same with respect to
5   Count 14.
6       **MR. HEMANN:** Indeed, Your Honor.
7       **THE COURT:** So I was going to propose something along
8   the lines of -- I'll have to find a page reference in the
9   instructions, but with the -- and I think I have it. I think
10  it's page 41, which is false statements, but maybe I'm wrong
11  about that.
12      **MR. HEMANN:** It is, Your Honor. It's 41 and 42 on
13  Count 14.
14      **THE COURT:** Okay. So we'll figure out where to plug
15  in the pages, but the instruction would read as follows:
16      The Government alleges alternative theories of liability
17  for Count 8 and for Count 14. The first is a theory of direct
18  liability described on page 35 and page, I guess it would be,
19  41 --
20      **MR. HEMANN:** Yes, Your Honor.
21      **THE COURT:** -- 41, respectively. The second, an
22  aiding and abetting theory of liability, is described on
23  page 36 and page --
24      **MR. HEMANN:** 42.
25      **THE COURT:** -- 42 -- correct, right -- 42.

1      Because these are alternative theories of liability, there
2  is only one entry for Counts 8 and 14 on the verdict form.
3      So that pretty much captures the essence of what the
4  Defendants want and the Government wants.  I think it's a
5  little bit more expansive answer than what the Defendants want,
6  but it doesn't have the overlay of, you know, "You may find
7  guilty."
8      That may be a question that comes down the pike, it may
9  not; but it's not -- why answer a question that was not asked?
10 It's hard enough to answer a question that was asked.
11     So is that acceptable to you?
12         **MR. GASNER:**  We would stand on our proposal for the
13 record, but --
14         **THE COURT:**  Okay.
15         **MR. GASNER:**  -- the Court's is certainly an
16 improvement.
17         **THE COURT:**  Okay.
18         **MR. FROELICH:**  Yes, Your Honor, it's acceptable.
19         **THE COURT:**  Okay.  Great.
20         **MR. HEMANN:**  Your Honor, I think that instruction is
21 very appropriate.  I think we would ask that the Court say, "In
22 order" -- something to the effect of, "It is not necessary for
23 you to be unanimous as to which theory of liability in reaching
24 your" -- or something.  I think some unanimity.
25     What I'm concerned about is that the jury is going to say,

1  "We must find either the direct or aiding and abetting
2  unanimously."  That may not be an issue, obviously we don't
3  know, but I think that that's not an accurate statement of the
4  law.  I mean, it could be as simple as, "You are not required
5  to be unanimous as to which theory of liability -- you need not
6  be unanimous as to a theory of liability in reaching your
7  verdict."
8         **THE COURT:**  Well, I'm going to deny that because it's
9  not a question that's asked.  It may very well be a question
10 that -- I don't -- with this jury and given this question, it's
11 pretty astute; and we actually talked about --
12        **MR. HEMANN:**  Yes, Your Honor.
13        **THE COURT:**  -- this exact issue in advance.  If that
14 becomes an issue, they will know how to ask; but to start --
15 you know, if you throw something out like that, then it may
16 raise other questions with them.  It may prejudge something;
17 and, you know, I don't really want to get into that.  It may
18 not be unanimous at this point, and this may change, you know,
19 the chemistry.
20        **MR. HEMANN:**  That's a good observation.
21        **THE COURT:**  So let's just do it the way it is.  Let's
22 not bite off more than we can chew.
23     Before we bring them back, as I mentioned, I have to leave
24 chambers at 10:30.  I'll be in the district at least until the
25 jury is done deliberating.  So I can be available by phone as

1  far as any other questions go; but if there's a verdict, then
2  I've asked Judge Illston if she would take the verdict.
3       Does the Government have any objection to that?
4           **MR. HEMANN:** Not at all, Your Honor.
5           **THE COURT:** Do the defendants?
6           **MR. GASNER:** No, Your Honor.
7           **MR. FROELICH:** No, Your Honor.
8           **THE COURT:** All right. Very well. And I've briefed
9  her on the case, and I don't think anything substantive is
10 going to happen in that regard.
11      So let's bring the jury in, and then I won't ask for any
12 response from them, obviously, and then we'll see where we go
13 from there.
14          **MR. HEMANN:** Thank you, Your Honor.
15      (Proceedings were heard in the presence of the jury:)
16          **THE COURT:** Please be seated. Good morning.
17      Well, I received your question and I'll put it in the
18 record, and then I'm going to answer it.
19      The question that you asked, just so the entire jury will
20 have the question in mind, is as follows, quote:  (reading)
21          "Count 8's charges differ on jury verdict form,
22      preliminary instructions, and final instructions.  Why are
23      there two 'Count 8s' and why isn't 'aiding and abetting'
24      included on the jury verdict form?  We need clarification
25      on Count 8."

1  Now, because your question also applies to Count 14, I'm
2  going to answer the question in terms both of Count 8 and
3  Count 14.
4  So the answer to the question is as follows, and I'll read
5  it twice just so you can -- because you won't have this answer
6  in writing:
7  The Government alleges alternative theories of liability
8  for Count 8 and for Count 14. The first theory -- the first is
9  a theory of direct liability described on page 35 and 41,
10 respectively. The second, an aiding and abetting theory of
11 liability, is described on page 36 and page 42, respectively.
12 Because these are alternative theories of liability, there
13 is only one entry for Count 8 and 14 on the verdict form.
14 So I'm going to read it again.
15 The Government alleges alternative theories of liability
16 for Count 8 and for Count 14. The first is a theory of direct
17 liability described on page 35 and 41, respectively. The
18 second, an aiding and abetting theory of liability, is
19 described on page 36 and page 42, respectively.
20 Because these are alternative theories of liability, there
21 is only one entry for Count 8 and Count 14 on the verdict form.
22 Okay? So that's the answer, and you may now continue your
23 deliberations.
24             (Jury continuing deliberations at 10:21 a.m.)
25             (Proceedings were heard out of the presence of the jury:)

```
 1        THE COURT:  All right.  So we'll await further word
 2   from the jury, and please be within 20 minutes away --
 3        MR. HEMANN:  Thank you, Your Honor.
 4        THE COURT:  -- unless we tell you otherwise.  If the
 5   Court is not 20 minutes -- I will be within phone reach,
 6   basically, instantaneously so the 20-minute rule still applies.
 7        All right.  Thank you very much, Your Honor.
 8        ALL:  Thank you, Your Honor.
 9              (Recess taken at 10:21 a.m.)
10                         ---oOo---
11
```

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:  Thursday, February 27, 2014

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter