**Volume 26**

**Pages 4687 - 4703**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Jeffrey S. White, Judge

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | NO. CR 11-00573 JSW |
| | ) | |
| WALTER LIEW; ROBERT MAEGERLE; and USA PERFORMANCE TECHNOLOGY, INC., | ) ) ) ) | |
| Defendants. | ) ) | |

San Francisco, California
Tuesday, March 4, 2014

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**
For Plaintiff:

        MELINDA HAAG
        United States Attorney
        450 Golden Gate Avenue
        San Francisco, California  94102
**BY:  PETE AXELROD**
     **JOHN H. HEMANN**
     **ASSISTANT UNITED STATES ATTORNEYS**

        U.S. DEPARTMENT OF JUSTICE
        600 E Street NW
        Washington, D.C.  20044
**BY:  RICHARD S. SCOTT**
     **ASSISTANT U.S. ATTORNEY**

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported by:  Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
           Official Reporter

**APPEARANCES: (CONTINUED)**

For Defendant Walter Liew and USA Performance Technology, Inc.:
KEKER & VAN NEST LLP
633 Battery Street
San Francisco, California 94111
BY: **STUART L. GASNER**
**SIMONA A. AGNOLUCCI**
**KATHERINE M. LOVETT**
**CHRISTINA BLAIS**
**ATTORNEYS AT LAW**

For Defendant Robert J. Maegerle:
MCKENNEY & FROELICH
1349 West Peachtree Street
Two Midtown Plaza - Suite 1250
Atlanta, Georgia 30309
BY: **JEROME J. FROELICH, JR.**
**ATTORNEY AT LAW**

|     |     |     |
| --- | --- | --- |
| 1   | **Tuesday - March 4, 2014** | **8:43 a.m.** |

                        **P R O C E E D I N G S**

                              ---oOo---

(Proceedings were heard out of the presence of the jury:)

    **THE COURT:** Good morning, everybody.  Please be seated.

    **MR. AXELROD:** Good morning, Your Honor.

    **THE COURT:** And please call the case.

    **THE CLERK:** Calling Case Number CR-11-573, United States versus Walter Liew, United States versus Robert Maegerle, and United States versus USAPTI.

    Counsel, please state your appearances.

    **MR. AXELROD:** Good morning, Your Honor.  Pete Axelrod and Richard Scott for the United States.  Mr. Hemann has a flooded garage and is on his way in.

    **THE COURT:** Good morning.

    **MS. LOVETT:** Good morning, Your Honor.  Katie Lovett, Stuart Gasner, and Simona Agnolucci for Walter Liew and USAPTI, and Walter Liew is present.

    **THE COURT:** Good morning.

    **MR. FROELICH:** Good morning, Your Honor.  Jerry Froelich for Mr. Maegerle.  Mr. Maegerle is present in the courtroom.

    **THE COURT:** All right.  Good morning, everybody.  Be seated.

1   All right. So we received a note today at approximately
2   8:10 a.m. which says, I'll read the entire note into the
3   record: (reading)
4       "Regarding Count 14: Does the verdict on page 41
5       have to be identical with page 42? If not, which page has
6       precedence?
7       "Also, do both pages relate only to July 19th, 2011?"
8   So let me hear first -- and for the record, 41
9   instruction -- or page 41 of the instructions is called
10  Count 14, and it's entitled "False Statement to the FBI" and
11  relates to the Indictment alleges the July 19th statement
12  allegedly in 2011 by Mr. Liew made to the FBI; and Count 42 is
13  the aiding and abetting -- Count 14, aiding and abetting with
14  respect to 18 U.S.C., Section 1001, presumably the same count
15  as page 41, the substantive false statement claim.
16      So what's the Government's position?
17      **MR. AXELROD:** Yes, Your Honor. The Government's
18  position, and we've drafted a proposed language, is that -- and
19  I think we talked about this with the *Garcia* case with the last
20  note -- there does not have to be unanimity on the theory.
21  There has to be unanimity on the verdict, obviously, but the
22  jurors can choose either theory to arrive at that conclusion,
23  and we have proposed a response accordingly.
24      **THE COURT:** So, in other words, one hypothetical would
25  be seven jurors can vote for guilty on the substantive claim

1  and the other five vote for guilty on the aiding and abetting
2  claim, and then the verdict would be guilty as to that count?
3     **MR. AXELROD:** That is correct, Your Honor.
4     **THE COURT:** All right. What's the Government's
5  position -- I mean, what's Mr. Liew's position?
6     **MS. LOVETT:** Your Honor, we don't believe that this
7  question is asking about unanimity. It seems to be aimed at
8  the same question they had the other day with regards to
9  Count 8.
10    **THE COURT:** Which is what the Court raised in advance
11 about whether you wanted to treat these theories separately.
12    **MS. LOVETT:** Yes, Your Honor.
13   And I think the answer is the same. We should explain
14 that pages 41 and 42 describe the Government's two alternative
15 theories of liability for Count 14, neither takes precedence,
16 and both relate to July 19th, 2011.
17    **THE COURT:** Well, I have to say that I tend to agree
18 with what Ms. Lovett just said because I understand that -- and
19 this is what I said before, Mr. Axelrod -- that certainly what
20 you are saying pursuant to the *Garcia* case is a correct
21 statement of the law. They don't seem to be asking about that.
22   It seems to me when the Court -- the Court has an
23 obligation both to answer the question and also to be kind of
24 minimalist in not asking questions.
25   Left to the Court's own devices, the answer to the

1  question would seem to be:  Does the verdict on page 41 have to
2  be identical with 42?  The answer is, no, it doesn't have to be
3  identical; meaning they could acquit on both, convict on both,
4  or convict on one and not the other.
5      And the next question, "If not, which page has
6  precedence," the answer is neither has precedence over the
7  other because they could find Mr. Liew -- assuming they don't
8  find him not guilty of both, they could find him guilty of the
9  substantive count, i.e., page 41, but not aiding and abetting;
10 or they could find him guilty based upon aiding and abetting,
11 but not the substantive count.  In other words, they could find
12 that he aided and abetted somebody else to make a false
13 statement.
14     **MR. AXELROD:**  Well, Your Honor, I guess the way I
15 would approach this question, understanding they've already
16 essentially asked the question about the theories of liability
17 in the past, is I don't -- I read this question and I see:
18 Does the verdict have to be identical?  I think that they're
19 asking -- and followed up with which one takes precedence.
20     They are trying to understand -- they don't -- they are
21 not aware of the fact that they know there's a unanimity
22 instruction.  What they don't know is that they can have a
23 divergence of views about the theories, and that they can
24 arrive at a conclusion based on that.
25     And if we don't answer that, which I believe actually is

1  implicit in this series of questions, then they may have an
2  incomplete understanding of the law and an incomplete
3  understanding of how it works with respect to these two
4  theories.  Because there are two theories to get to the same
5  place, and the law is they do not have to be unanimous on
6  either one.
7      And if we don't articulate that to the jury, I believe
8  that they won't have the understanding that I believe they're
9  asking for with this question, because they've asked the
10 question about how does substantive liability and aiding and
11 abetting liability relate, you know, and we've answered that.
12 This seems to me a different question, particularly because
13 they say, "Which one has precedence?"  The question about
14 precedence is, you know --
15     **THE COURT:**  Well, "precedence" could mean -- again,
16 it's always an interesting issue to try to get into a jury's
17 head -- precedence, one -- I mean, the most obvious, I think,
18 reading of precedence is do they consider one to the exclusion
19 of the other.  In other words, if they find one is true, one of
20 the two is true, are they done.
21     And the answer to that is no.  I would say to them that
22 the answer to the question is no, but go on to say that they
23 are to consider both theories.  The Government has alleged both
24 theories so they need to consider both theories and they're not
25 in the alternative.  They're in the -- I wouldn't say this

1  because it gets too complicated -- they're actually in the
2  conjunctive.
3      So what would be wrong with saying that, you know, the
4  answer to the question is, no, they don't have to be identical;
5  but neither one takes precedence and the jury is to consider
6  both theories of liability or both theories of culpability?
7  What's wrong with that?
8          **MR. AXELROD:** I don't think there's anything wrong
9  with that with the following addition, and then let me just
10 suggest some language:
11     The verdict must be unanimous. The jurors may find either
12 theory of liability without unanimity as to a specific theory.
13     So they can apply what the Court's -- so they can
14 understand how to apply what the Court is saying.
15         **THE COURT:** All right. Ms. Lovett?
16         **MS. LOVETT:** Yes, Your Honor.
17     I agree with the Court that the question is aimed at
18 asking whether one theory of liability is dependent on the
19 other theory of liability or independent, and I believe that
20 the Court's framing of the instruction is appropriate. The
21 jury hasn't asked about unanimity, and they can ask about
22 unanimity if that's what they're interested in.
23         **THE COURT:** All right. What if the instruction read,
24 I'm just sort of -- not sort of, I'm actually writing it:
25     The Government has alleged two theories of culpability for

1   a violation of 18 U.S.C., Section 1001, as stated on pages 41
2   and 42.  The two theories are not -- the two theories are
3   not -- well, they've alleged two theories.  So the answer to
4   the first question is:  The answer is no, "no" meaning that the
5   verdicts do not have to be identical -- I'm just writing this
6   down -- but the jury should consider and, if possible, decide
7   both theories.
8      If they come back and say by what count or whatever, then
9   we can deal with that.
10      So we will say the Government has alleged two theories of
11   culpability for violation of 18 U.S.C., Section 1001, as stated
12   on pages 41 and 42 of the instructions.  The answer to the
13   jury's first question is no; that is, the verdicts do not need
14   to be identical as to both of those theories, but the jury is
15   to consider and, if possible, decide both theories.
16      Would that be acceptable to you?
17         **MS. LOVETT:**  Yes, Your Honor.
18         **THE COURT:**  Mr. Froelich, I assume -- well, you don't
19   have a dog --
20         **MR. FROELICH:**  No.
21         **THE COURT:**  -- you don't have a dog in this race.
22         **MR. FROELICH:**  Right.
23         **THE COURT:**  But you could be a friend of the Court
24   here.
25         **MR. FROELICH:**  Yes.

1          **THE COURT:** What's the Government's view?

2          **MR. AXELROD:** Again, Your Honor, I just -- I think it

3 creates the risk of confusion because they may decide, "Well,

4 wait a minute. We look at the instruction on page 41, five of

5 us are in favor, seven of us aren't; so, therefore, not guilty

6 on that count. And we go to the next one and, wait, and it's

7 the other numbers."

8          And they say, "Well, no, we're not there on that count,"

9 when they've been missing the instruction that would make this

10 clear to them, which is, "Oh, actually, we're allowed, because

11 they're different theories of liability, to get to the same

12 place; that, you know, it doesn't matter whether some of us

13 think it's aiding and abetting or some of us think it's a

14 substantive offense. If we're all unanimous, then there's a

15 verdict on the count."

16          So the concern that the Government has is that it's

17 leaving them without the information they need to complete the

18 picture, and I think that that's especially relevant here

19 because this issue was the subject of their very first

20 question. And I don't think that there's any harm in

21 articulating a true statement of law to them about how two

22 theories of liability relate when there's a question on those

23 two theories of liability.

24          I'm happy to share with the Court the instruction that we

25 drafted.

1    **THE COURT:** Well, for the record, why don't you submit
2 that and we'll file it.
3    **MR. AXELROD:** Yes.
4    **THE COURT:** Let me just see that --
5    **MR. AXELROD:** Sure.
6    **THE COURT:** -- so that I have something in writing.
7    **MS. LOVETT:** Your Honor, we have one as well.
8    **THE COURT:** Okay. Great.
9    So let me -- is it both of these, Ms. Lovett, the top and
10 the bottom?
11   **MS. LOVETT:** The bottom is just a title in the wrong
12 place, unfortunately.
13   **THE COURT:** "Defendant Walter Liew/USAPTI's Proposed
14 Answer." So this is Mr. Liew's request: (reading)
15        "Pages 41 and 42 describe the Government's
16    alternative theories of liability for Count 14. Neither
17    takes precedence. Both theories of liability relate to
18    July 19th, 2011."
19   And if I were to consider it, the jury is to consider and,
20 if possible, decide both these theories.
21   **MS. LOVETT:** Yes, Your Honor.
22   **THE COURT:** So that would be that one.
23   Now, the Government's says: (reading)
24        "The Government proposes the following answer:
25    First, the Court assumes that where you indicated page 41

1  and 42 of the verdict, you meant pages 41 and 42 of the
2  jury instructions."  I think that's a fair point.
3       "Second, the verdict must be unanimous but jurors may
4  find either theory of liability without unanimity as to a
5  specific theory.  In other words, neither page or theory
6  has precedence.  Both pages and both theories relate only
7  to July 19th."
8       There's something at the bottom here that looks like it
9  was written by a doctor because I can't read it.
10                            (Laughter)
11       **MR. AXELROD:**  That's not part of -- I'm not sure -- I
12  think those are my notes.
13       **THE COURT:**  All right.  Very well.  Thank you.
14       Well, I'm not inclined to give that part of it.  I think
15  the Government's first part is, certainly the assumption with
16  respect to what the jury is referring to -- that is, it's not
17  the verdict, it's the instructions -- is fine.
18       But this statement, "The verdict must" -- "Second, the
19  verdict must be unanimous but jurors may find either theory of
20  liability without unanimity as to a specific theory," that's
21  not even a complete statement of the law because it would have
22  to be essentially the whole 12 jury would have to return a
23  guilty verdict as to one or the other -- as to both together,
24  both 41 and 42.
25       And that is really quite convoluted and it's a question

1  that's not even asked.  So I'm not -- you know, it's something
2  that the parties, and specifically -- you know, this is
3  something the Court raised, and it's something that the
4  Government could have requested at the beginning.  It is a
5  correct statement of the law.  But we're now in the mode of,
6  you know, a few days into deliberations, and to ask -- that
7  concept is -- you know, the Ninth Circuit is not always the
8  clearest in the way they state the law, but this seems a little
9  convoluted.
10     So I wouldn't be inclined to go there with respect to the
11 level of the voting, because I think they -- this is the
12 very -- this is sort of an activist jury, and if they -- and
13 very smart; and if they had -- this is a pretty esoteric
14 question.  If they had a question about, well, by what count do
15 they need to, you know, vote on something, that is, what
16 count -- what number of votes, I think they would ask that; but
17 I don't want to presume and inject this into the deliberations.
18     I'll give you the last word on this.
19         **MR. AXELROD:**  Thank you, Your Honor.
20     I just suggest as some alternative language, maybe for
21 clarification purposes, to advise the jury that they need not
22 be unanimous on either theory as maybe an easier way to sort of
23 capture that concept.
24         **THE COURT:**  All right.  Well, that request is
25 considered and denied.  So I'm going to instruct the jury.

1  I am going -- Ms. Lovett, do you have any -- I assume you
2  have no problem with stating the assumption that the Government
3  stated, which is that: (reading)
4      "The Court assumes that where you indicated page 41
5      and page 42 of the verdict, you meant pages 41 and 42 of
6      the final jury instructions."
7      **MS. LOVETT:** Your Honor, we agree that's appropriate.
8      **THE COURT:** Okay. And then I'm going to say:
9  (reading)
10     "The Government has alleged two theories of
11     culpability for violation of 18 U.S.C., Section 1001, as
12     stated on pages 41 and 42 of the instructions,
13     respectively. The answer to the question, the first part
14     of the question, is no; that is, the verdicts do not need
15     to be identical with respect to both of those theories,
16     but the jury is to consider and, if possible, decide both
17     theories."
18  So that's what I will give; and with respect to
19  question -- although both parties incorporated this, the answer
20  to the question, "Also, do both pages relate only to July 19,
21  2011," I think the answer is yes.
22     **MR. AXELROD:** Correct, Your Honor.
23     **MS. LOVETT:** That is correct.
24     **THE COURT:** Okay. Let's bring the jury in.
25     **MS. LOVETT:** Thank you, Your Honor.

1    **THE COURT:** Thank you.
2    **MR. AXELROD:** Thank you, Your Honor.
3    (Proceedings were heard in the presence of the jury:)
4    **THE COURT:** Please be seated.
5    Good morning, everybody.
6    So just for the record, the Court has received from the
7    jury a note which we received at 8:10 a.m., which states as
8    follows: (reading)
9        "Regarding Count 14: Does the verdict on page 41
10       have to be identical with page 42? If not, which page has
11       precedence?
12       "Also, do both pages relate only to July 19th, 2011?"
13   So I'm going to answer the question. Although these
14   questions call for specifically a yes-or-no answer, I'm going
15   to answer them in just slightly more expansive language than
16   you have requested, but I will directly answer the question.
17   So, first, the Court assumes that where you, the jury,
18   indicated page 41 and page 42 of the verdict, you meant
19   pages 41 and 42 of the final jury instructions. I see you all
20   nodding or many of you nodding your head. So I'll make that
21   assumption.
22   And, so, the answer is as follows to basically all of your
23   questions, and then I'm going to go ahead and answer them
24   specifically:
25   The Government has alleged two theories of culpability for

1   violation of 18 U.S.C., Section 1001, as stated on pages 41 and
2   42 of the instructions.
3       So the answer to the first question, "Does the verdict,"
4   which I've called instructions, "on page 41 have to be
5   identical with page 42," the answer is, no, the verdicts do not
6   need to be identical; but the jury is to consider, if possible,
7   and decide -- the jury is to consider and, if possible, decide
8   both theories of culpability, potential culpability; that is to
9   say, the one on page 41 and the one on page 42.
10      So the answer to the Question Number 1, "Does the verdict
11  have to be identical on page 41 versus page 42," the answer is
12  no.
13      All right. And the second question is: "Which page has
14  precedence?" And the answer is: Neither has precedence. You
15  are to consider and, if possible, decide both theories. So
16  neither has precedence over the other; and you are to consider
17  and, if possible, decide on both theories; that is, page 41 and
18  page 42.
19      With respect to the last question, "Also, do both pages
20  relate only to July 19th, 2011," and the answer is yes.
21      Okay. So there's your answer. Please continue your
22  deliberations. Thank you very much for your question and we
23  will await your outcome.
24          (Jury continuing deliberations at 9:04 a.m.)
25          (Proceedings were heard out of the presence of the jury:)

1 **THE COURT:** And I will direct the clerk to file the
2 question as well as the yellow sheet, which represents the
3 Government's request; and the white sheet of paper, which
4 represents defendant Walter Liew and USAPTI's proposed response
5 to the question.
6 I would suggest that you all wait around given where they
7 are. I have no idea what order they're doing things, but it's
8 very possible that either, A, we'll get more questions; or, B,
9 we might get a verdict. So please stay local for at least the
10 next hour or so, and always be -- after that, be within 20
11 minutes of the court unless we reach the 1:30 period.
12 All right. Yes, Mr. Froelich?
13 **MR. FROELICH:** We were here all day yesterday. We
14 plan to be here all day today. We actually were going to get
15 here at 9:00. I was going to get here at 9:00 and there was a
16 quick question, but we'll be here.
17 **THE COURT:** Okay. Great. Thank you very much,
18 everybody.
19 (Recess taken at 9:05 a.m.)
20 ---oOo---

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE: Tuesday, March 4, 2014

_____

Jo Ann Bryce, CSR No. 3321, RMR, CRR, FCRR
U.S. Court Reporter