| | |
|---|---|
| 1 | MELINDA HAAG (CABN 132612)<br>United States Attorney |
| 2 | |
| 3 | J. DOUGLAS WILSON (DCBN 412811)<br>Chief, Criminal Division |
| 4 | PETER B. AXELROD (CABN 190843)<br>JOHN H. HEMANN (CABN 165823) |
| 5 | Assistant United States Attorneys |
| 6 | RICHARD S. SCOTT (DCBN 502455)<br>Trial Attorney, National Security Division |
| 7 | |
| 8 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102-3495<br>Telephone: (415) 436-7478 |
| 9 | john.hemann@usdoj.gov |
| 10 | Attorneys for Plaintiff |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. CR 11-0573 JSW |
| Plaintiff, | ) ) ) | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | ) ) | Sentencing Date: August 26, 2014 |
| ROBERT MAEGERLE, | ) | Time: 1:00 pm |
| Defendant. | ) ) ) ) | |

The United States does not have any unresolved objections to the Presentence Report. The government agrees with the Probation Officer's Sentencing Guideline calculation and her recommended sentence of 36 months imprisonment.

The Probation Officer properly calculated the Sentencing Guideline offense level. The appropriate offense level is 28, which is the sum of the base offense level of 6 plus a 22 level enhancement under USSG § 2B1.1(L) for a gain of more than $20 million but less than $50 million. This Court has already determined that the conspiracy to misappropriate DuPont TiO2 trade secrets, for

SENTENCING MEMORANDUM (MAEGERLE)
CR 11-0573 JSW

which Maegerle was convicted, resulted in a gain of over $27 million. Because the loss to DuPont is not reasonable calculable, the gain is the appropriate measure. USSG § 2B1.1, cmt. 3(B). Maegerle is accountable for the gains realized through the conspiracy because those gains were within the scope of the joint undertaking and were reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3; *United States v. Treadwell,* 593 F.3d 990, 1002–03 (9th Cir. 2010). Maegerle was the key participant in Walter Liew's effort to sell DuPont technology to the Pangang Group companies. Maegerle, with his years of experience in the TiO2 industry, knew the value of the technology and understood that Chinese companies would pay dearly for it. He is responsible under the Sentencing Guidelines for the full amount of the gain under USSG § 2B1.1.

The offense level, therefore, is 28 and Maegerle's criminal history is category I. This results in a guideline range of 78 to 97 months imprisonment. The government agrees with the Probation Office that the low-end of the range, 78 months, is longer than necessary and that the Court should impose the lower sentence, in this case 36 months.

The justification for this variance offered by the Probation Office is supported by both the facts and the law. The Court must take the totality of the circumstances into account under 18 U.S.C. § 3553(a) in determining the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007). In support of a downward variance, the Probation Office cites the disparity between Maegerle's gain and Walter Liew's gain; Maegerle's limited knowledge of Liew's dealings with Chinese government officials; Maegerle's age and health; the declining health of his wife; Maegerle's lack of criminal history; his productive career; and the support of his family and friends. Consideration of these factors is supported by the case law. *See, e.g., United States v. Tosti*, 733 F.3d 816, 824 (9th Cir. 2013); *United States v. Dowie*, 411 Fed. Appx. 21, 31 (9th Cir. 2010); *United States v. Autrey,* 555 F.3d 864, 873-75 (9th Cir. 2009); *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008).

The Probation Office also cites Maegerle's post-verdict acceptance of responsibility and withdrawal of his post-trial motions for a mistrial or a new trial. After he informed the Court that he was withdrawing these, Maegerle entered into an agreement with the government under which he has waived any appeal from or collateral attack on the verdict, judgment or sentence imposed by this Court. A copy of the agreement has been provided to the Court and will be signed by the parties and filed prior

to sentencing.

Although his post-verdict acceptance of responsibility would not qualify for a downward adjustment under USSG § 3E1.1 because he put the government to its burden of proof at trial, his waiver of appeal warrants consideration under § 3553(a). Maegerle preserved through the trial numerous issues that could be appealed, but he has waived the right to do so. Maegerle does not know what sentence the Court will impose, but has nevertheless agreed to waive appeal from the sentence and judgment. His willingness to accept the consequences of his actions and decisions, including the sentence that will be imposed, demonstrates both remorse and acceptance, notwithstanding his failure to accept responsibility prior to trial.

The Probation Officer recommends a sentence of 36 months imprisonment. The government believes that this sentence, although it is a substantial deviation from the low-end of the guideline range, is appropriate for Maegerle because of a combination of his acknowledgment of responsibility by waiving appeal, as well as his age, health, and family circumstances. The government also notes that co-defendant Liew received a significant downward variance and that Maegerle is less culpable than Liew in every respect: he received far less money ($370,000 as compared to over $20 million); he was not involved with Chinese government officials; he did not manage or direct the actions of others; he did not commit tax or bankruptcy fraud; and his obstruction was limited to helping Liew fabricate a defense to the civil action filed by DuPont, as compared to Liew's much more extensive obstruction. Maegerle should receive a significantly larger downward adjustment than Liew did.

Maegerle once was an upstanding member of the community. He worked for a long time for DuPont and did many good things as an employee. After he left the company, he took advantage of his access to confidential DuPont information and used it for personal profit. This was a serious breach of the law and represents a threat to our country's economic stability. A 36 month sentence is sufficient to deter other similarly situated corporate employees – people with legitimate careers and ties to the community – from committing similarly serious crimes. Few employees would risk 36 months imprisonment for a return of $370,000 (pre-tax) over five years.

A 36 month sentence for Maegerle also promotes respect for the law, especially in combination with the 180 month sentence imposed on Liew. Maegerle and Liew are differently situated and the

SENTENCING MEMORANDUM (MAEGERLE)
CR 11-0573 JSW

relevant audiences are different.  A 36 month sentence for a 79 year old man with no criminal history who made $370,000 sends a strong message that the United States takes corporate espionage seriously. But Maegerle was not a one man crime spree, as the Court described Walter Liew.  Nor was Maegerle working at the behest of a foreign government.  For Maegerle's deeds, 36 months is an appropriate sanction.

In addition to a sentence of three years, the Court should order restitution in the amount of $367,679, to be joint and several with his co-defendants.  The government agrees that a fine should be waived because Maegerle, especially after paying restitution, would be unable to pay a fine.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated:  August 19, 2014

*John H. Hemann*
_____
JOHN H. HEMANN
Assistant United States Attorney

RICHARD S. SCOTT
Trial Attorney

SENTENCING MEMORANDUM (MAEGERLE)
CR 11-0573 JSW