UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PANGANG GROUP COMPANY, LTD.;
PANGANG GROUP STEEL VANADIUM
& TITANIUM COMPANY, LTD.;
PANGANG GROUP TITANIUM
INDUSTRY COMPANY, LTD; and
PANGANG GROUP INTERNATIONAL
ECONOMIC & TRADING COMPANY,

Defendants.

Case No.  11-cr-00573-JSC-7-10

**ORDER RE: DEFENDANTS'
OBJECTION TO STEPHEN TAYLOR'S
PROPOSED LAY TESTIMONY**

Re: Dkt. No. 1512

**PUBLIC REDACTED VERSION**

Per the Court's prior pretrial order (Dkt. No. 1504), the Government disclosed to Defendants a chart of proposed lay testimony by expert witness Stephen Taylor. (Dkt. No. 1513-4.)  Defendants objected, arguing the proposed lay testimony was expert testimony and has been excluded by the Court's prior *Daubert* Order.  (*See* Dkt. No. 1479.)  Having considered the parties' submissions, and with the benefit of oral argument on July 6, 2026, the objection is **SUSTAINED in part** and **OVERRULED in part**.

## DISCUSSION

"[A] lay witness may provide opinions 'rationally based on the witness's perception' that are "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  *United States v. Holmes*, 163 F.4th 547, 560 (9th Cir. 2025) (quoting Fed. R. Evid. 701). "Opinion testimony requiring special 'knowledge, skill, experience, training, or education' is subject to the requirements of Federal Rule of Evidence 702, and the disclosure requirements of

Federal Rule of Criminal Procedure 16." *Id.* (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)). "If the basis of a witness's opinion is 'technical or specialized knowledge,' then that opinion falls within Rule 702. But if the basis of the opinion is 'just familiarity with the subjects,' then it is proper lay opinion under Rule 701." *Id.* (citation omitted).

When percipient witnesses work in highly technical settings, drawing the line between expert and lay testimony can be "a particularly difficult task." *Id.* "But the fact that a witness's testimony pertains to scientific matters, or conveys opinions drawn from the witness's own experiences with such matters, does not automatically render it expert testimony within the ambit of Rule 702." *Id.* Instead, "[a] lay witness's opinion is permissible so long as it is not 'based on scientific, technical, or other specialized knowledge.'" *Id.* (quoting Fed. R. Evid. 701(c)). Similarly, "the fact that a witness personally observes a matter does not take the witness's opinion about that matter outside the scope of Rule 702 if that opinion is the product of '*specialized knowledge.*'" *Id.* (alterations in original). In short, "there is no 'on- the-job' exception to Rule 702." *Id.*

The Government identifies various non-DuPont documents it contends Mr. Taylor—as a lay witness—will testify include DuPont's confidential information. (*See* Dkt. No. 1513-4.) The proposed testimony is expert testimony if it is the "product" of Mr. Taylor's "specialized knowledge" as an engineer in the TiO2 field. In comparing these documents, the Court determines Mr. Taylor acts as a lay witness when his testimony identifies instances of *direct duplication of confidential information* from documents known to him as a DuPont employee. Identifying verbatim copied information between documents does not require Mr. Taylor to call upon his "specialized knowledge" as an engineer; it merely requires the ability to read one document with which he is familiar and determine whether the same words or images appear in a second. When Mr. Taylor must interpret the contents of non-DuPont documents to conclude they incorporate DuPont's trade secrets, he acts as an expert witness. Such testimony relies on Mr. Taylor's extensive experience as an engineer to understand a technical process—whether presented in words, equations, or diagrams—and opine a separate document incorporates concepts or elements from that technical process.

United States District Court
Northern District of California

United States District Court
Northern District of California

Turning to the Government's disclosure, the Court finds certain proposed lay testimony is actually expert testimony. The disclosure includes 17 topics, and accompanying documents, which Mr. Taylor will compare to identify confidential DuPont information. (*Id*. at 4-5.) The Court addresses each topic below.

**Raw Material Consumption**: Mr. Taylor may testify as a lay witness regarding the identical chemical quantities found in both Ex. 74, pg. 1, and Ex. 161, pg. 12. The comparison of the two tables does not require Mr. Taylor to rely on his specialized knowledge.

**Chlorinator Design**: Mr. Taylor may not testify as a lay witness regarding the diagram at Ex. 46, pg. 38 compared to the written descriptions in Ex. 161, pgs. 71-72. This comparison constitutes expert testimony. Similarly, the document comparisons involving Ex. 85, pg. 3, Ex. 138, pg. 1, Ex. 5080, pg. 14, require Mr. Taylor to rely on specialized knowledge to opine on any similarities.

**Chlorinator Blow System**: Mr. Taylor may not testify as a lay witness regarding the written notes and equations at Ex. 46, pg. 36, compared to the written descriptions of DuPont confidential information at Ex. 161, pgs. 77-79. To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements. For these same reasons, Mr. Taylor may not testify as a lay witness regarding the comparison between Ex. 85, pg. 2, and Ex. 161, pgs. 77-79.

**Chlorinator Superficial Gas Velocity for Bed Fluidization**: Mr. Taylor may not testify as a lay witness regarding the written notes and equations at Ex. 84, pg. 2, compared to Ex. 161, pg. 70. Analysis of the equations, and any overlapping similarities with the identified DuPont confidential information requires expertise outside the bounds of lay testimony.

**Jet Pipe Design**: Mr. Taylor may not testify as a lay witness regarding the diagrams and statements identified in Exs. 138, pg. 1, 5080, pg. 14, and 368T, pg. 4, compared to the written description of DuPont confidential information at Ex. 161, pgs. 71-73. To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements.

**Chlorinator Vessel Bottom**: Mr. Taylor may not testify as a lay witness regarding the

3

diagrams, notes, and equations identified in Exs. 146, pg. 15, and 5080, pg. 13, compared to the written description of DuPont confidential information at Ex. 161, pg. 71.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements.

**Chlorinator Transfer Line Gas Velocity**: Mr. Taylor may not testify as a lay witness regarding the notes identified in Ex. 157, pg. 2, compared to the written description of DuPont confidential information at Ex. 161, pg. 79.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements, such as "flue velocity" and "velocity of vapor flow."

**Spray Condenser Inlet and Outlet Temperatures**: Mr. Taylor may not testify as a lay witness regarding the temperature notations in the diagram at Ex. 5078, pg. 4, compared to the written description of DuPont confidential information at Ex. 161, pg. 83.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to establish the portions of the diagram (namely, the "TL Exit Stream" and "Spray Condenser Exit Gases") correspond to the written description.

**Purification Column**: Mr. Taylor may not testify as a lay witness regarding the notes and diagrams at Exs. 46, pgs. 20-24, and 5079, pg. 21, compared to the written description of DuPont confidential information at Ex. 161, pg. 120.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to establish the DuPont descriptions of "trays" correspond to various diagrams identified in the other documents.

**Aluminum** ▮: Mr. Taylor may not testify as a lay witness regarding the notes and diagrams at Exs. 157, pg. 5, 5078, pg. 10, and 5080, pg. 43, compared to the written description of DuPont confidential information at Ex. 161, pgs. 141-46.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to establish the DuPont descriptions of an "Aluminum ▮" correspond to various diagrams identified in the other documents.

**Aluminum Trichloride Generator**: Mr. Taylor may not testify as a lay witness regarding the diagram at Ex. 5080, pg. 43, compared to the written description of DuPont confidential information at Ex. 161, pg. 90.  Analysis of the DuPont material would require specialized

United States District Court
Northern District of California

engineering knowledge to identify any overlap or duplication in the corresponding diagram.  The Court could not locate Ex. 53 in the provided exhibits, and therefore, cannot rule on whether comparison with its contents would constitute expert testimony.

**Oxygen Preheater Design Specifications**: Mr. Taylor may not testify as a lay witness regarding the diagrams, notes, and calculations identified in Exs. 46, pg. 5, and 5078, pg. 11, compared to the written description of DuPont confidential information at Ex. 161, pgs. 136-37. To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements.

**Mixing in TiCl4 Oxidation Reactors**: Mr. Taylor may testify as a lay witness regarding the overlapping equations and variable definitions for the Diemer Correlation found in both Ex. 5081, and Ex. 162, pgs. 6 and 32. The comparison of these definitions and equations does not require Mr. Taylor to rely on his specialized knowledge.

**TiCl4 Oxidation Flue Cooler Temperatures**: Mr. Taylor may not testify as a lay witness regarding the temperature notations in the notes and diagram at Exs. 46, pg. 56, and 5078, pg. 11, compared to the written description of DuPont confidential information at Ex. 161, pg. 182.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to establish the portions of the diagram—specifically, Streams 538 and 539—correspond to the written description.

**Oxidation Reactor Temperature Measurement**: Mr. Taylor may not testify as a lay witness regarding the diagrams and notes identified in Exs. 5079, pg. 27, and 368T, pg. 4, compared to the written description of DuPont confidential information at Ex. 161, pg. 155.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to identify overlapping concepts or elements between the written description of DuPont confidential information and the corresponding diagram.

**Oxidation TiO2 Slurry Solids Concentration**: Mr. Taylor may not testify as a lay witness regarding the diagrams and notes identified in Exs. 5078, pg. 12, and 46, pg. 10, compared to the written description of DuPont confidential information at Ex. 161, pgs. 41 and 197.  To make this comparison, Mr. Taylor would need to rely on his specialized engineering knowledge to

5

United States District Court
Northern District of California

identify overlapping concepts or elements between the written description of DuPont confidential information and the corresponding diagram.

**Personnel Requirements**: Mr. Taylor may testify as a lay witness regarding the overlapping personnel estimates found in both Ex. 157, pg. 1, and Ex. 161, pg. 25.  The comparison of these identical personnel categories and estimates for TiO2 facility does not require Mr. Taylor to rely on his specialized knowledge.

**CONCLUSION**

To the extent the Court has ruled certain proposed lay testimony is expert testimony, the Court's order resolving Defendants' *Daubert* motions applies.  (Dkt. No. 1479.)  To wit, Mr. Taylor may not offer such expert testimony unless it was properly disclosed pursuant to Federal Rule of Criminal Procedure 16.  Accordingly, to the extent Mr. Taylor intends to offer testimony on the above topics that was not properly disclosed, Defendants' objection is **SUSTAINED**.  Lay testimony identified above may be offered by Mr. Taylor, subject to any further objections from Defendants.  As to this lay testimony, Defendants' objection is **OVERRULED**.  By **July 16, 2026**, the parties shall identify any sealable content in this Order by page and line number.  The Court will publish the redacted version of this Order thereafter.

**IT IS SO ORDERED.**

Dated: July 9, 2026

JACQUELINE SCOTT CORLEY
United States District Judge